

U.S. Department of Justice

*United States Attorney  
Eastern District of New York*

WMP/AES  
F. #2014R00501

*271 Cadman Plaza East  
Brooklyn, New York 11201*

December 22, 2015

<u>By ECF and FedEx</u>

Marcus A. Asner, Esq.  
Arnold & Porter LLP  
399 Park Avenue  
New York, NY  10022-4690

Jonathan S. Sack, Esq.  
Morvillo, Abramowitz, Grand, Iason & Silberberg P.C.  
565 Fifth Avenue  
New York, NY  10017

      Re:    <u>United States v. Martin Shkreli, et al.  
                  Criminal Docket No. 15-637 (KAM)</u>

Dear Messrs. Asner and Sack:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure.  The government also requests reciprocal discovery from the defendants.

I.      <u>The Government's Discovery</u>

      A.      <u>Statements of the Defendants</u>

      To the extent the defendants made statements to law enforcement, a summary and/or video recording of those statements are enclosed herein for that specific defendant only, as follows: (i) transcripts of defendant Martin Shkreli's testimony before the Securities and Exchange Commission ("SEC") on August 23, 2013 and February 24, 2014 (SHKRELI000026-273); (ii) a report and corresponding notes of defendant Martin Shkreli's statements to the United States Attorney's Office for the Eastern District of New York ("EDNY") on January 29, 2015 (SHKRELI000002-25); (iii) a video recording of defendant Martin Shkreli's post-arrest statements to agents from the Federal Bureau of Investigation ("FBI") on December 17, 2015 (contained within a folder labeled SHKRELI000001); and (iv) a video recording of defendant Evan Greebel's post-arrest statements to FBI agents on December 17, 2015 (GREEBEL000001).

    B.    The Defendants' Criminal History

To date, the government does not have any information that either defendant has a criminal record.

    C.    Documents and Tangible Objects

The government will provide discovery of documents and physical evidence on a rolling basis, with the first production to be made prior to the status conference scheduled in this matter for January 20, 2016. You may examine any of the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

    D.    Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

    E.    Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

    F.    Brady Material

The government is not aware of any exculpatory material regarding the defendants. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

    G.    Other Crimes, Wrongs or Acts

The government will provide the defendants with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.    The Defendants' Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that each defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

       The government also requests that the defendants disclose prior statements of witnesses who will be called by the defendants to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendants have copies of those statements available for production to the government no later than the commencement of trial.

       The government also requests that the defendants disclose a written summary of testimony that the defendants intend to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

       Pursuant to Fed. R. Crim. P. 12.1(a), the government hereby requests written notice, to be served within 14 days of this demand, if either defendant intends to offer an alibi defense.  The written notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offenses, and the names, addresses and telephone numbers of each witness upon whom the defendant intends to rely to establish such alibi.  The offenses took place at the location and dates specified in the Indictment.

       Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of either defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.    Future Discussions

       If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

       Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

       Very truly yours,

       ROBERT L. CAPERS
       United States Attorney

By:    /s/ Winston Paes
       Winston Paes
       Alixandra Smith
       Assistant U.S. Attorneys
       (718) 254-6023(Paes)/6370(Smith)

Enclosures

cc:    Clerk of the Court (KAM) (by ECF) (w/o enclosures)