## BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

July 21, 2016

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

### RE:  United States v. Martin Shkreli and Evan Greebel
### 15 CR 637 (KAM)

Dear Judge Matsumoto:

I write to respectfully submit our proposal for a motion schedule. Counsel for Evan Greebel, Reed Brodsky, has informed me that Mr. Greebel joins in our proposed schedule. Counsel for the government does not agree.

Our proposed schedule is as follows:

1. Any discovery-related motions, including a motion for a bill of particulars: (a) Defendant(s) motion(s) by 10/7/2016; (b) Government response by 10/19/2016; (c) Defendant(s) reply by 10/28/2016; (d) oral argument & status conference during the week of 10/31/2016.

2. Any severance motion: (a) Defendant(s) motion(s) by 1/31/2017; (b) Government Response by 2/14/2017; (c) Defendant(s) reply by 2/24/2017; and (d) oral argument on 2/27 or 2/28/2017. The defendants respectfully submit that they need sufficient time to review the discovery and conduct their own investigations before submitting any severance motion.

3. Any other substantive, non-in limine motion based on the ongoing review of discovery: (a) Defendant(s) motion by 4/5/2017; (b) Government response by 4/14/2017; (c) Defendants reply by April 20; and (d) any oral argument to be scheduled.

4. May 12, 2017: Exhibit lists; witness lists; list of persons who will be present or referred to by counsel or witnesses during trial; Voir Dire; Requests to Charge, or any objections to same; proposed verdict forms; and any stipulations.

**BRAFMAN & ASSOCIATES, P.C.**

     5. Within two weeks of the May 12, 2017 disclosures, the parties are to meet and confer to discuss any objections on these issues; if the parties must present a dispute to the Court regarding these disclosures, short letter briefs to the Court must be filed by May 31. Responses should be filed by June 7.

     6. Final pretrial conference on June 19, 2017. All matters required as preliminary to the hearing of pretrial motions, including the making of formal and informal requests for discovery and the giving of notice of specified defenses or as to the use of specified evidence shall be accomplished sufficiently in advance of June 19, so as to permit said motions to be decided by this date.

     We jointly propose with counsel for Mr. Greebel a deadline for discovery-related motions in October 2016 and a separate deadline for any severance motion in February 2017. Counsel for each defendant needs sufficient time to review the discovery, and conduct their own investigations, before submitting any severance motion. We anticipate receiving a large number of documents from Katten Muchin Rosenman LLP during the next few months, and we need to receive and review these Katten documents before we submit a severance motion. By having a separate deadline in October 2016 for discovery-related motions, we keep the matter moving and provide the Court with sufficient time in advance of trial to rule on discovery-related motions, and then separately any severance motion. Requiring the defendants to submit any and all motions by September 2016, as the government seeks, is prejudicial to the defense. The defendants will not be able to complete their review of the discovery received to date by September 2016, and there is no compelling reason to have a deadline for all motions 9 months in advance of the June 26, 2017 trial date.

     Further, counsel is concerned that the government has not produced all *Brady* material, as they still have not produced the actual statements of the three consultants who have made exculpatory statements to the government. In addition, the government has yet to identify the settlement agreements, the consulting agreements, and the names of the individuals referenced in the superseding indictment. Finally, the defendants are still waiting to receive Retrophin's one-page letter setting forth the scope of the privilege waiver. *See* 7/14/2016 Tr. at 26:1-17 ("We'll send a letter, your Honor. ... It's a one-page letter that we'll send to both counsel.").

     We appreciate Your Honor's consideration of our proposed schedule and are available for an in-person or telephonic conference should Your Honor wish to hear from the parties.

Respectfully,

Benjamin Brafman

Cc:    AUSA Winston Paes (via Email and ECF)
       AUSA Alixandra Smith (via Email and ECF)
       AUSA Jacqueline Kasulis (via Email and ECF)