# Exhibit C

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

   ---------------------------------x
   UNITED STATES OF AMERICA,         :    15-CR-637 (KAM)
                                     :
            Plaintiff,                :    United States Courthouse
                                     :    Brooklyn, New York
            -against-                 :
                                     :    July 14, 2016
   MARTIN SHKRELI, ET AL.            :    1:00 p.m.
                                     :
            Defendants.              :
   ---------------------------------x

         TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
              BEFORE THE HONORABLE KIYO A. MATSUMOTO
                   UNITED STATES DISTRICT JUDGE

   APPEARANCES

   For the Plaintiff:        ROBERT L. CAPERS
                             UNITED STATES ATTORNEY
                                  271 Cadman Plaza East
                                  Brooklyn, New York 11201

                         BY: WINSTON M. PAES,
                             Assistant United States Attorney
                             JACQUELYN M. KASULIS,
                             Assistant United States Attorney
                             ALIXANDRA E. SMITH,
                             Assistant United States Attorney

   For Defendant Shkreli:    BRAFMAN & ROSS, P.C.
                                  767 Third Avenue - 26th Floor
                                  New York, New York 10017

                         BY: BENJAMIN BRAFMAN, ESQ.
                             MARC A. AGNIFILO, ESQ.
                             ANDREA L. ZELLAN, ESQ.

   For Defendant Greebel:    GIBSON DUNN & CRUTCHER, LLP
                                  200 Park Avenue
                                  New York, New York 10166

                         BY: REED M. BRODSKY, ESQ.
                             WINSTON Y. CHAN, ESQ.
                             LISA H. RUBIN, ESQ.

   Court Reporter:           LINDA A. MARINO, RPR
                             (718) 613-2484
```

Proceedings recorded by mechanical stenography.
Transcript produced by computer-aided transcription

1 defense. Like I said, I don't think the Government believes
2 it's Brady, but we summarized the information to -- for the
3 defense with respect to the other individuals.
4       And we also provided separately in connection with
5 the motions that they may want to do the statements of the
6 co-defendant as well because that's something else Mr. Brafman
7 had raised, as saying there could be Brady within that
8 information. So, what we did was we provided both defendants'
9 statements of the other defendants, which we hadn't done
10 previously.
11       There's no additional production to be made. We
12 provided them with the statements that these individuals made
13 that Mr. Brafman alluded to, and that's what it is. They
14 obviously are free to go ahead and follow-up with those
15 individuals if they want to or do whatever they want to do.
16 To the extent that they are unable to get additional
17 information from them, we've already provided them with that
18 information.
19       So, I don't know what additional productions
20 Mr. Brafman's responding to, but, obviously, the Government
21 has turned over everything that we have in our possession in
22 terms of Rule 16 discovery. We haven't withheld anything from
23 them.
24       THE COURT: I think the concern that I heard
25 Mr. Brafman articulate was that it was only with prompting and

1     THE COURT:  The biggest reason, frankly, is the
2  Second Circuit clearly told District Courts that we don't have
3  the authority to order production of 3500 material before the
4  times set forth in statute.  As a matter of custom and
5  practice, the U.S. Attorney's Office, at least in the Eastern
6  District, do try to provide it in advance of the time
7  prescribed in the statute.
8     But I would just urge the Government to please put
9  them at ease, review the documents, and provide additional
10 materials.  If you have a sense that it may be Brady or
11 exculpatory, err in favor of providing it.
12    MR. PAES:  Yes, your Honor.  We will take a close
13 look at all the 302s and reassess.  If there's something that
14 even comes close to the line, we'll be happy to provide it.
15    MR. CHAN:  Can I just add that part of the reason
16 why he's saying that there's appropriate disclosure here of
17 Brady material -- we're not asking for early 3500 material --
18 the appropriate disclosure of Brady in this particular context
19 requires attention to the specific wording of what was said by
20 these consultants to the Government.
21    And, so, while paraphrasing in certain instances may
22 be sufficient under the law, here the specific circumstances
23 of the wording chosen by the witness when they first told the
24 Government that the services they did were legitimate, the
25 full scope of it, how long, this practice versus that

1 firm records.

2     I'm just concerned. You're welcome to give me the
3 authority for the relief that you seek. I haven't closed my
4 mind, but I've started to look at this issue because --

5     MR. BRAFMAN: Your Honor, we will either provide
6 your Honor with the authority to do this in an ex parte
7 fashion that satisfies you or we'll then ask for the Court to
8 order the subpoenas and then we'll share the materials.

9     What he successfully litigated this before Judge
10 Batts in the Southern District on a separate matter. It was
11 six or seven years ago, and I will look at the law again, but
12 in that case the materials were, to my recollection, submitted
13 to the Court, the Court ordered us to have them.

14     I'm not certain we're going to stand on ceremony
15 here. Our objective is to get the material. But we will file
16 the Rule 17(c) subpoena as quickly as we can. Once the Rule
17 17(c) subpoena is filed, and depending on the Katten law
18 firm's position, that's going to impact, I think,
19 significantly on what we believe to be a motion for severance
20 based on the fact that I can already in good faith say to you,
21 your Honor, that the Defendant Martin Shkreli has perhaps the
22 most relevant reliance on counsel defense I've ever
23 encountered.

24     And with great with respect for Judge Weinstein, who
25 I've tried many cases in front of and I don't think there's a

1  Katten and other entities in terms of the privilege.
2           So, I do believe Mr. Brafman has a point with
3  respect to the Katten documents.  We have reason to believe
4  that Katten is in possession of a large number of documents to
5  which the Government is not entitled, to which there is
6  privilege and there are some issues there, and we believe it's
7  complicated, and to which there hasn't been a waiver of the
8  privilege.
9           MR. PAES:  I'm not sure whose privilege Mr. Brodsky
10 is referring to because it seems that what Mr. Brodsky is
11 saying is that the privilege was not Mr. Shkreli's, from what
12 I hear right now.
13          MR. BRODSKY:  That, I am not sure about.  That, I am
14 not a hundred percent sure about.
15          Mr. Greebel did not represent Mr. Shkreli in his
16 personal capacity, but that does not mean Mr. Shkreli may not
17 have a privilege claim to other documents.
18          MR. BRAFMAN:  Your Honor, just so the record is
19 clear as far as Mr. Shkreli is concerned, we take the strong
20 position that Mr. Greebel during the relevant time period wore
21 two hats:  He was Retrophin's counsel and he was Mr. Shkreli's
22 personal counsel.
23          I will also suggest, respectfully, that reliance of
24 counsel defense is interposed prior to trial and it may be a
25 basis for a severance.  But before I need to do that, I have a

LAM        OCR        RPR

1  right to see the materials so I can determine whether or not I
2  want to waive the privilege.
3           So, my request of Katten is that they turn over our
4  records, because it's Mr. Shkreli's privilege that he may or
5  may not wish to waive, and, depending on the ultimate
6  decision, then we can decide whether we invoke the reliance of
7  counsel defense at trial, which I have suggested is in all
8  likelihood a genuine reality, but it's hard to make that
9  decision without seeing the records.
10          And I take issue with Mr. Brodsky's suggestion that
11 during this period Mr. Greebel was not Mr. Shkreli's lawyer,
12 which is one of the reasons why I think you're ultimately
13 going to be faced with the severance issue to be decided based
14 on two prongs:  One is if there is a reliance of counsel
15 defense, it's almost impossible to have the joint trial; and,
16 second, it may be very severe and antagonistic defenses
17 interposed in this case by the respective defendants.
18          I am aware of the steep climb that the defendant has
19 in trying to get a severance, but, to be candid, Judge, it's
20 hard for me to imagine a joint trial in this case where either
21 defendant gets a fair trial.
22          MR. PAES:  Your Honor, I think we'll address,
23 obviously, the severance motion in our papers, so I won't
24 belabor that.  I think the case law even in a situation like
25 this is pretty clear as to whether severance is appropriate.

1    MR. BRODSKY:  Should we also propose that, your
2 Honor, in our letter?
3    THE COURT:  That's fine.
4    Thank you.  I'll see you when I see you and I'll
5 hear from you July 21.
6         (A chorus of thank yous.)
7
8         (Matter concluded.)
9
10
11
12                    * * * * *
13
14
15
16 I certify that the foregoing is a correct transcript from the
17 record of proceedings in the above-entitled matter.
18
19     /s/ Linda A. Marino                July 19, 2016
   _____      _____
20       LINDA A. MARINO                       DATE
21
22
23
24
25

LAM      OCR      RPR