UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

UNITED STATES OF AMERICA,

        -against -                                      Ind. No. 15 CR 637 (S-1) (KAM)

MARTIN SHKRELI and
EVAN GREEBEL,
                 Defendants.

--------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARTIN SHKRELI'S MOTION FOR A BILL OF PARTICULARS

                                                         By:    Brafman & Associates, P.C.
                                                                   767 3rd Avenue, 26th Floor
                                                                   New York, NY 10017

Of Counsel:    Benjamin Brafman
                        Andrea Zellan
                        Marc Agnifilo
                        Jacob Kaplan

## **PRELIMINARY STATEMENT**

This reply memorandum of law is respectfully submitted on behalf of Defendant Martin Shkreli ("Mr. Shkreli") in further support of his Motion for a Bill of Particulars. As part of its Response to Defendant Shkreli's Motion for a Bill of Particulars, the government provided Mr. Shkreli with a letter identifying the individuals described in the Superseding Indictment. While the clarification provided in that letter is helpful and appreciated, the information disclosed is still not sufficient. Contrary to the government's contention in their Memorandum of Law (See Dkt. No. 90, Government Brief "Govt. Br." at pp. 25, 35), Mr. Shkreli is not requesting that the government disclose its trial evidence and trial theories or seeking to limit the government's evidence at trial. Rather, he asks to be informed of the essential details of the alleged conduct that underlies the "charges pending against [him]." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (per curium). Mr. Shkreli relies on his initial Motion for a Bill of Particulars and supporting Memorandum of Law in making that point. This reply is submitted to briefly address specific issues raised by the government's response.

## **ARGUMENT**

**The Specific Withdrawal Transactions From MSMB Capital That Exceed Legitimate Fees and the Specific Withdrawal Transactions From MSMB Healthcare That Exceed Legitimate Fees**

We continue to rely on our initial Motion for a Bill of Particulars and write this response to the government's filing to highlight the critical need for more information. The Superseding Indictment alleges in paragraph 13 that Mr. Shkreli withdrew and spent more than $200,000.00 from MSMB Capital and that this amount exceeded legitimate fees. Paragraph 19 of the Superseding Indictment alleges that Mr. Shkreli "withdrew funds from MSMB Healthcare in excess of the one percent fee permitted by the partnership agreement." In Mr. Shkreli's Motion for a Bill of Particulars, we ask that the government disclose the specific withdrawal transactions from each fund that they will seek to prove are unauthorized and therefore criminal. The government contends that this is a request for a "preview" of the government's theories regarding these alleged misappropriations from the MSMB funds. Govt. Br. at pp. 30, 35. That is not accurate. We are not asking the government to tell us *how* they will prove that the withdrawals are criminal. Rather, we are asking for the government to disclose Mr. Shkreli's acts (the actual withdrawal transactions) that they contend are criminal. We also ask the government to disclose which crime is allegedly being committed by Mr. Shkreli when he engages in those specific acts (makes the specific withdrawals).

The information requested regarding the withdrawal transactions is exactly the kind of "necessary" information a Bill of Particulars is meant to provide to defendants. U.S. v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (citations omitted). Mr. Shkreli, cannot properly prepare to defend against these allegations without knowing what transactions, what conduct, the

3

government will argue is illegal or what crime the government will argue was committed via the conduct.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Mr. Shkreli's opening memorandum, the Court should require the government to supply a bill of particulars.


Dated: October 7, 2016
New York, New York

Respectfully submitted,


/S/

By: Benjamin Brafman
Andrea Zellan
Marc Agnifilo
Jacob Kaplan
Brafman & Associates, P.C.
767 3rd Avenue, 26th Floor
New York, NY 10017