# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

UNITED STATES OF AMERICA,

                Plaintiff,

v.

MARTIN SHKRELI and EVAN GREEBEL,

                Defendants.
---------------------------------------------------------x

No. 15-CR-00637

**DECLARATION IN SUPPORT OF MR. GREEBEL'S MOTION FOR A BILL OF PARTICULARS**

I, MARC SCHNEIDER, hereby declare pursuant to 28 U.S.C. § 1746:

1. I am an eDiscovery Specialist in the Practice Support Group of the law firm of Gibson Dunn & Crutcher LLP ("Gibson Dunn"). I make this declaration in support of Mr. Greebel's Motion for a Bill of Particulars based on my personal knowledge of the facts stated herein.

2. I received my bachelor's degree from the University of Texas at Dallas in 2006. I have been in the e-discovery industry for nearly 12 years. I have been at Gibson Dunn since approximately April 2015. Before my employment at Gibson Dunn, I was previously employed in the same line of work at three other law firms: Fish & Richardson PC, Latham & Watkins LLP, and Morrison & Foerster LLP.

3. I have reviewed the metadata for the document productions from the U.S. Attorney's Office for the Eastern District of New York in the above-captioned case. Those productions date back to December 2015.

4. Based on my review of the metadata, I have found the following:

    a. Many of the documents lack useful metadata that would allow reviewers to search by date, sender, subject, and/or other categories.

      b. As a result, reviewers cannot narrow down the scope of their review of documents by searching for a particular time span, date, sender, and/or email subject.

      c. This is true for the productions from at least 39 parties.

5. Based on my review of the files provided, I have also found the following:

      a. Many of the documents provided lack load files for images, text, and native formats. When uploading documents into Relativity, the e-discovery software Gibson Dunn uses, we use the load files for text to populate the database for keyword searches. This ensures that the database accurately reflects the content of each document, because we can upload into the database the exact text of each document.

      b. Instead of providing load files, the government produced many documents in portable document format ("PDF") form (presumably because that is the format in which the government received them). Because many of the documents consisted only of PDFs, we had to attempt to identify the text in each document by scanning the documents using optical character recognition ("OCR"). OCR is a far less accurate means of determining what text is in a document than relying on the load file. For example, some words are not recognized through the OCR process, either due to the quality of the PDF or normal glitches in the OCR process, and therefore are not populated into the database as searchable text. As a result, keyword searches of documents that were produced as scanned PDFs, rather than documents with accompanying load files, tend to miss words, making those searches both unreliable and unpredictable.

      c. This is true for the productions from at least 36 parties.

6. Due to time/resource constraints, I have reviewed only approximately 75% of the documents produced by the government in this case. In my review, I found that the government had not provided metadata or load files for approximately 39% of the production.

7. I have also consulted with attorneys who have reviewed documents produced in discovery in this matter and have conducted text searches of the documents in the productions. Based on my conversations with these attorneys, I understand that, among other things:

   a. text-based searches do not work on many of the documents due to poor document quality;

   b. in some documents, text-based searches capture some words in the documents but not others, likely for the reasons described above;

   c. and some documents have hand-written comments, and text-based searches do not capture any handwriting on documents.

Dated: New York, New York
       October 7, 2016

_____
                Marc Schneider