# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

October 14, 2016

VIA ECF
Honorable Kiyo A. Matsumoto
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

Re.   United States v. Martin Shkreli et al, 1:15-cr-00637(KAM)

Dear Judge Matsumoto:

We respectfully submit this letter in response to the Court's order of yesterday, and in anticipation of the court conference scheduled for 3 PM today.

The only issue related to our Bill of Particulars request that we intend to press at today's conference relates to whether, and how, Mr. Shkreli is charged with allegedly deriving fees in excess of some agreed-upon amount in connection with MSMB Capital or MSMB Healthcare. More particularly, is this allegation something that is actually charged in one or more of the Counts of the Indictment, or is it merely background?

In framing the issue for the court, the "Introduction" portion of the indictment contains three allegations pertaining to this issue.  First, that "the investment adviser was entitled to receive a one percent management fee per year based on net assets of the partnership (and) the general partner was entitled to receive twenty percent of the limited patners' net profits for the year." Superseding Indictment, para. 8.

Second, that "Shkreli withdrew and spent more than $200,000 from MSMB Capital during the life of the fund, which was far in excess of any permitted fees."  Superseding Indictment, para. 13.

Third, that "the defendant Martin Shkreli...also misappropriated funds from MSMB Healthcare by withdrawing funds from MSMB Healthcare that were far in excess of the one percent management fee permitted by the partnership agreement and the twenty percent net

## BRAFMAN & ASSOCIATES, P.C.

profit incentive allocation afforded to the general partner of the fund." Superseding Indictment, para. 19.

Within Count One – Conspiracy to Commit Securities Fraud concerning MSMB Capital – there are two overt acts (Para's 43b and 43c) that seem to relate to the "fee structure." Therefore, there is certainly a suggestion that the excess fee allegations of Paragraphs 8, 13 and 19 are incorporated into Count One. However, the overt acts of Paragraphs 43b and 43c are not incorporated into Counts Two and Three, charging Wire Fraud and Securities Fraud respectively concerning MSMB Capital. So, the particular request is whether this excess-fee scheme is charged as part of the conduct alleged in Count One; and if so, whether it is also charged as part of the conduct in Counts Two and Three.

Turning to the MSMB Healthcare Counts (Counts 4 through 6), there are no alleged overt acts in these counts concerning representations of MSMB Healthcare's fee structure. Therefore, it would not appear that the excess-fee scheme is part of the conduct alleged in these counts.

At a minimum, therefore, the indictment is ambiguous as to whether Mr. Shkreli is charged with taking excess fees in connection with MSMB Capital and MSMB Healthcare, and we request additional particulars in regard to this issue.

We thank the Government for addressing many of the other requests we had made. We thank the Court for the opportunity to frame and clarify our outstanding request.

Respectfully submitted,

Marc Agnifilo