```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA             No. 15-cr-00637(KAM)

     -against-                       ECF Case

MARTIN SHKRELI, and
EVAN GREEBEL,

          Defendants.
-----------------------------------X
```

MOTION TO COMPEL THE LAW FIRM KATTEN, MUCHIN
ROSENMAN, LLP TO COMPLY WITH A DOCUMENT SUBPOENA
SERVED BY DEFENDANT MARTIN SHKRELI IN THIS ACTION

INTRODUCTION

On September 28, 2016, a Subpoena To Produce Documents, Information, Or Objects In A Criminal Case was served upon the law firm Katten, Muchin, Rosenman, LLP (hereinafter "Katten"). A copy of that subpoena is attached as Exhibit 1. By this motion, defendant Martin Shkreli respectfully asks this Court to compel compliance with the duly-served subpoena.

BACKGROUND

Between 2009 and 2012, Martin Shkreli founded and served as the managing member for two hedge funds – MSMB Capital Management and MSMB Healthcare LP.  In 2011, Shkreli founded a biopharmaceutical company called Retrophin LLC.  In 2012, Retrophin LLC went public and became Retrophin Inc. Between 2012 and 2014, Shkreli served as the CEO of Retrophin Inc.

1

During this time period, Shkreli utilized the legal services of the law firm Katten. Katten is a highly-regarded full service firm with over 600 lawyers in different offices in the United States and abroad. Between 2009 and 2015, among other times, Katten maintained an office in New York at 575 Madison Avenue, New York, New York 10022.

Shkreli consulted with different lawyers at Katten on a regular basis on a variety of topics related to the running of his different business entities. Shkreli sought and received his lawyers' legal advice and he followed it. As a result, Mr. Shkreli believes that documentary evidence created by, maintained by, and in the possession of, Katten would tend to show that he acted in good faith and without criminal intent in connection with the decisions and actions that the Government alleges to be illegal in nature.

## THE REQUESTED MATERIALS

Katten is currently in possession of, among other documents, retainer agreements, billing records, internal correspondence, email messages, text messages, twitter messages, finalized and draft court filings, finalized and draft SEC filings, finalized and draft filings with administrative agencies, documents prepared in arbitration proceedings, legal memoranda, telephone messages, and other documents that will tend to prove that Martin Shkreli sought and received the legal

2

advice of attorneys at Katten on a wide variety of issues relevant to the current indictment. Moreover, the documentation maintained by Katten will show that Mr. Shkreli provided the Katten lawyers with complete and truthful information relative to the transactions alleged in the indictment. In addition, the documentation maintained by Katten will show that the Katten attorneys provided legal advice and services to Mr. Shkreli based on the complete and truthful information made known to them. As a result, the documents requested in the attached Subpoena are relevant to establish that Mr. Shkreli acted in good faith and without criminal intent in regard to these transactions in that he sought the advice of one or more of Katten's highly experienced lawyers and followed that advice.

Additionally, the requested material is not in Mr. Shkreli's possession. Moreover, Mr. Shkreli believes that the Government is not in possession of this material, and, in any event, the Government has not disclosed such as part of the discovery in this case. Accordingly, the instant subpoena is not an unwarranted circum-navigation around the well-established discovery process. Rather, the instant subpoena is a good faith attempt to have access to actual documentation – in the forms outlined in the subpoena and above – in the possession of a third party (Katten) that is plainly and directly relevant to issues central to the upcoming trial.

## JUDICIAL ACTION IS NECESSARY

Mr. Shkreli and his counsel want to emphasize that the Katten firm has been collaborative in this process in that there has been regular contact between Mr. Shkreli's counsel and Katten's counsel concerning the fact of the document subpoena as well as its scope. However, as almost a month has passed since the date of service, it seems appropriate to bring this issue to the court for a resolution. Also, as noted at the last conference, both defendants as well as the Government believe that we should resolve this subpoena issue before the filing of any severance motions. Therefore, we bring this motion at this time to compel compliance with the document subpoena.

CONCLUSION

For these reasons, we respectfully ask that the Court compel full production of the records set forth in the subpoena at the earliest opportunity. In addition, we ask that the briefing schedule regarding any severance motion be adjourned pending resolution of the outstanding subpoena.

Respectfully submitted,

__/S/_____

Benjamin Brafman
Marc Agnifilo
Andrea Zellan
Brafman & Associates, P.C.
767 Third Avenue
New York, New York  10017
(212) 750-7800

To:    The Court
       All Counsel (via ECF)

5