# Cooley

Ian Shapiro
+1 212 479 6441
ishapiro@cooley.com

Via ECF

November 18, 2016

Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Martin Shkreli, No. 15-CR-00637 (KAM)

Dear Judge Matsumoto:

  We represent Retrophin.

  We regret the Court's frustration that Retrophin did not join the Joint Status Letter (Dkt. 112) filed by counsel for Mr. Shkreli on Wednesday. But what footnote 2 of Mr. Agnifilo's letter fails to describe is that he circulated his proposed draft at 12:42 PM, 1 hour and 18 minutes before the letter was due. At the time, my colleague Bill Schwartz and I were meeting with a client in Amsterdam, where the time was 6:42 PM, and we were scheduled to fly back to New York the next morning. Therefore, we promptly wrote Mr. Agnifilo to explain that "[we] are in a meeting out of the country. I have read the letter briefly and am concerned that there are a number of inaccuracies or facts that I suspect may be inaccurate but cannot address in the time available. The letter also does not reflect in significant respects Retrophin's position about how the subpoena should be addressed. Given the time available before the letter is due, we are not going to be able to resolve the issues before then. <u>Please let the Court know that Retrophin will submit a brief letter outlining its position on Friday</u>." (Emphasis added). Rather than faithfully describing Retrophin's position, counsel for Mr. Shkreli explained that we "objected to Mr. Shkreli's position and other aspects of the letter" and would file a letter at some unspecified time in advance of the court conference. (Dkt. 112. At 5 n. 2).

  Let us now address the Court's request. Katten's "Response to Defendant Martin Shkreli's Motion to Compel Compliance with Subpoena for Documents" (Dkt. 106) ("Katten's Response") raises four broad issues.

  First, Katten says that it "has not represented any of the [various entities affiliated with "MSMB Capital," "MSMB Healthcare," and "Retrophin"] since 2014, and is not in a position to determine who presently has authority to either assert or waive privilege on their behalf. Retrophin is only asserting the authority to assert or waive privilege on behalf of Retrophin LLC

# Cooley

Judge Kiyo A. Matsumoto
November 18, 2016
Page Two

and Retrophin, Inc., and does not assert any such authority on behalf of MSMB Capital or MSMB Healthcare.

Second, Katten says that "many of the emails and documents requested appear likely to be subject to conflicting claims of standing and privilege, which Katten cannot possibly adjudicate." To clarify the scope and significance of this issue, Retrophin recommends that Katten identify the specific matters on which Katten was retained to represent MSMB and the duration of those representations. According to the Joint Status Letter, Katten did not begin to represent MSMB until July 7, 2011, and with limited exceptions[1], Katten stopped representing MSMB by April 2012. Moreover, according to the Joint Status Letter, during the period between November 2011 and April 2012 (which is when Katten suggests this issue is paramount), there were "tens of thousands of emails between Shkreli and Greebel during this [six month] period." (Joint Status Letter at 3). That representation seems doubtful. In the 21 month period between December 18, 2012 and October 1, 2014, when Retrophin was a public company and Shkreli was CEO, Retrophin has a record of all of Shkreli's emails, including his emails with Greebel. In that far longer and busier period, there were only 8,742 emails between Shkreli and Greebel, including where one or both of them were merely cc'd on the emails (but excluding attachments).[2] Retrophin submits that if Katten and Mr. Shkreli identified the matters on which Katten represented MSMB, then the parties may be able to address Katten's concerns about adjudicating competing claims of privilege, or at least limit and define the issues for the Court to decide.

Third, Katten says that "many of the emails and documents sought by the Subpoena have already been produced by Retrophin, subject to a limited waiver, possibly mooting their privilege claim over the documents, and making production by Katten unnecessary." (Katten's Response at 1-2). Retrophin is willing to identify the documents it produced pursuant to the waiver and is obviously not claiming privilege over those documents.

Fourth, Katten says that "Shkreli has sought to expedite production of these documents in

---

[1] The exception that Mr. Shkreli's counsel describes is Katten's representation of Mr. Shkreli personally or MSMB in 2013 and 2014 in response to an SEC investigation of MSMB Capital. However, even if Katten represented Mr. Shkreli personally or MSMB Capital in that period, Mr. Shkreli's communications with Katten would not be privileged because Mr. Shkreli generally communicated with Katten in this period on Retrophin's servers, and according to the email policy adopted by Mr. Shkreli as Retrophin's CEO, such communications are Retrophin's property and Mr. Shkreli had no expectation of privacy in them. Therefore, Mr. Shkreli's communications with Katten in this period "would not be subject to a privilege between the employee and an attorney acting for the employee and also for the company." *In re: Grand Jury Investigation*, No. 1:15-mc-02227-JBW, at *1 (E.D.N.Y. Dec. 3, 2015) (unsealed on Jan. 19, 2016).

[2] These 8,742 emails are reflected in 2,874 email chains, which is the number of documents that would actually need to be reviewed in this 21-month period. We suspect, therefore, that Katten would be required to review far fewer email chains in the six-month period between November 2011 and April 2012 when Katten suggests that there might be competing claims of privilege.

# Cooley

Judge Kiyo A. Matsumoto
November 18, 2016
Page Three

order to evaluate a possible advice of counsel defense, increasing the complexity of the standing and privilege issues attendant to Katten's communications with him." (*Id.* at 2). Retrophin is committed to expediting Katten's production of non-privileged documents within the scope of Retrophin's waiver. We have no objection to Katten producing documents within the scope of the waiver provided that Retrophin may confirm that the documents to be produced are within that waiver. Retrophin is prepared to commit the resources necessary to ensure that its review does not materially delay the provision of these documents to Mr. Shkreli. Moreover, in a further effort to expedite the resolution of these issues, Retrophin called counsel for Mr. Shkreli shortly after the Court's November 8th Order and offered to consider expanding the scope of its waiver to include discrete additional topics that Mr. Shkreli believed were within the scope of the superseding indictment. Mr. Shkreli's counsel has never addressed this proposal, which might obviate the need for further litigation over Retrophin's privilege.

However, Retrophin does object to counsel for Mr. Shkreli's suggestion that Retrophin "has waived its attorney-client privilege by disclosing documents, emails and records concerning the actions and communications of Mr. Shkreli." (Joint Status Letter at 5). Retrophin made a limited, well-defined waiver, and counsel for Mr. Shkreli has not offered any reason why it should be extended to encompass all of Mr. Shkreli's communications with Katten. Moreover, in the meet-and-confer on Tuesday, Katten's counsel repeatedly emphasized that the overwhelming majority of documents in Katten's possession were completely unrelated (at least 90%, he suggested) to the conduct charged in the superseding indictment. We will not address Mr. Shkreli's position any further in this letter because Mr. Shkreli's counsel only offered a couple of sentences on this point and the Court has not yet asked the parties to address it, but Retrophin would respectfully request the opportunity to brief any extension of Retrophin's waiver if that issue remains after next week's conference.

Respectfully submitted,

Ian Shapiro

cc:   Counsel for all parties (via ECF)