```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

UNITED STATES OF AMERICA,
                                        MINUTE ENTRY and ORDER
     - against -

MARTIN SHKRELI and EVAN GREEBEL,        15-CR-637 (KAM)

          Defendant.

-------------------------------------X
```

**MATSUMOTO, United States District Judge:**

Minute Entry for status conference held before Judge Kiyo A. Matsumoto on December 14, 2016: AUSAs Jacquelyn Kasulis, Alixandra Smith, and Girish Srinivasan appeared for the Government; Marc Agnifilo and Andrea Zellan appeared for Martin Shkreli; Reed Brodsky and Lisa Rubin appeared for Evan Greebel. Counsel for Retrophin, Ian Shapiro, counsel for Katten Muchin, Michael Verde and Elizabeth Langdale, and counsel for Marek Biestek, Glenn McGorty, also appeared. Holly Driscoll was the Court Reporter.

The parties discussed the ongoing production of documents by Katten Muchin pursuant to a subpoena served by Martin Shkreli. The terms "MSMB" and "Retrophin" in this order include their affiliates and employees. The court **ORDERS** as follows:

1) Katten Muchin shall produce to Mr. Shkreli's counsel communications between the firm and Mr. Shkreli, and the firm and

MSMB. If Katten Muchin is concerned that the communications may also relate to Retrophin, Katten Muchin shall provide the documents to Mr. Shkreli's counsel. Mr. Shkreli's counsel shall expeditiously review and segregate Retrophin and MSMB documents, and shall return to Retrophin's counsel documents relating solely to Retrophin, and shall return to Mr. Biestek's counsel copies of documents relating to Mr. Biestek, and shall provide to Mr. Biestek's counsel copies of documents relating solely to MSMB. As previously ordered, Mr. Shkreli shall complete his review and return documents belonging to Retrophin or Mr. Biestek by **January 6, 2017**.

2) Mr. Verde advised that Katten Muchin will not assert protection pursuant to the work product doctrine over internal Katten Muchin documents relating to Retrophin, Mr. Shkreli and MSMB (*i.e.* documents on which Mr. Shkreli or another MSMB or Retrophin employee is not included in the address field), and that the firm has segregated the documents. Retrophin's counsel expressed concern regarding the production of internal law firm documents relating to Retrophin. Counsel for Katten Muchin responded that he understood that paragraph 2 of the court's November 30, 2016 Order, which relates solely to the law firm's representation of MSMB and/or Mr. Shkreli, directed that counsel

for Mr. Shkreli be provided with documents, including internal law firm documents.

Consequently, as agreed by counsel for Retrophin and Katten Muchin, for the period April 2011 through December 2011, Katten Muchin shall expeditiously search internal law firm documents relating to Katten Muchin's representation of MSMB, Mr. Shkreli and Retrophin, for the word "Retrophin." Based on its search, Katten Muchin shall produce to Retrophin's counsel documents containing the word "Retrophin." Katten Muchin shall produce to Mr. Shkreli's counsel documents relating solely to MSMB or Mr. Shkreli, and produce to Mr. Biestek's counsel documents relating solely to MSMB or Mr. Biestek.

3) Without objection from Mr. Shkreli or Mr. Biestek, and with the agreement of counsel for Retrophin and Katten Muchin, for the period January 2012 through April 2012, Katten Muchin shall manually review and segregate documents relating to Retrophin, MSMB, Mr. Shkreli and Mr. Biestek. As expeditiously as possible, Katten Muchin shall provide these documents to the respective counsel for Retrophin, Mr. Shkreli and Mr. Biestek; MSMB documents shall be provided to counsel for Messrs. Shkreli and Biestek.

4) If Katten Muchin is unable to determine whether documents relate to Retrophin or MSMB or both, Mr. Shkreli's

counsel shall be provided with the documents by **December 19, 2016**, or as soon thereafter as practicable. Mr. Shkreli's counsel shall expeditiously review the documents and, no later than **January 6, 2017**, return to Retrophin's counsel any documents relating to Retrophin, and provide to Mr. Biestek's counsel documents relating solely to Mr. Biestek and MSMB.

5) Katten Muchin and/or Mr. Shkreli's counsel shall produce to Mr. Biestek's counsel, as soon as is practicable, and in any event no later than **January 6, 2017**, documents that relate solely to MSMB or Mr. Biestek's personal matters, and contain communications between Katten Muchin and Mr. Biestek or MSMB whether or not Mr. Biestek's name appears in the address field.

6) Counsel for Retrophin and Messrs. Shkreli and Biestek shall promptly review all documents and serve all interested parties with privilege logs by **January 20, 2017** for any documents over which they claim privilege. The privilege logs must provide for each document the date, identify the senders and recipients, the nature of the document (*e.g.* fax, instant message, email, memorandum, letter, etc.), and provide specific information to enable parties to assess the claim of privilege without revealing privileged material.

7) Mr. Shkreli stated that he did not object to sharing documents with Mr. Greebel. Katten Muchin's counsel stated that a search for documents with Mr. Greebel's name could be conducted and responsive documents could be produced by Monday, December 19, 2016. Counsel for Retrophin expressed concern that Retrophin documents not be disseminated beyond the review by Mr. Shkreli's counsel. Counsel for Mr. Biestek did not object to sharing documents regarding MSMB with Mr. Greebel. Katten Muchin is ordered to provide documents to Mr. Greebel's counsel relating to Mr. Shkreli and MSMB, including communications between MSMB employees and Katten Muchin, and internal firm documents created during Katten Muchin's representation of MSMB and Mr. Shkreli. If production to Mr. Greebel cannot occur by **December 19, 2016**, as counsel for Katten Muchin projected, the production should be made as expeditiously as possible thereafter, and in any event, no later than **January 6, 2017**.

Mr. Shkreli shall continue the expeditious review of the documents he has received from Katten Muchin and shall promptly produce to Mr. Greebel's counsel, on a rolling basis, the documents he identifies as belonging to himself or MSMB, and shall complete his review and production no later than **January 6, 2017**. No Retrophin documents shall be produced to Mr. Greebel except for the documents covered by any Retrophin waiver of its privilege.

8) The parties shall meet and confer before **December 30, 2016** regarding proposed adjustments to the briefing schedule for the severance motions, other pre-trial motions and motions *in limine*. The parties shall bear in mind that the June 2017 trial date is firm, and that they are expected to propose a briefing schedule that will provide adequate time for the court to rule on their motions in advance of trial.

9) A status conference is scheduled for January 26, 2017 at 2 p.m. The parties are reminded to continue good faith efforts to resolve as many issues as possible prior to seeking judicial intervention.

**SO ORDERED.**

Dated:    December 16, 2016
         Brooklyn, New York

                                             _____/s/_____
                                             Hon. Kiyo A. Matsumoto
                                             United States District Judge