

590 Madison Avenue, 20th Floor, New York, NY 10022-2524 ■ p212 223-4000 ■ f212 223-4134

Glen G. McGorty
(212) 895-4246
Gmcgorty@crowell.com

January 20, 2017

**VIA ECF AND EMAIL**

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                Re:    **United States v. Martin Shkreli**
                      **15 Cr. 637 (KAM)**

Dear Judge Matsumoto:

      We write on behalf of our client Marek Biestek in response to the Court's December 16, 2016 Order related to attorney-client privilege issues arising from certain documents in the possession of Katten Muchin Rosenman LLP ("Katten Muchin") related to MSMB Capital Management LP, MSMB Healthcare LP, or its related entities ("MSMB"). Pursuant to that Order, on January 6, 2017, counsel for Martin Shkreli produced "documents that relate solely to MSMB or Mr. Biestek's personal matters, and contain communications between Katten Muchin and Mr. Biestek or MSMB whether or not Mr. Biestek's name appears in the address field." Order ¶ 5. In total, there were 13,127 documents produced to Mr. Biestek (the "MSMB Documents") for his privilege review.

      Pursuant to the Order, counsel for Mr. Biestek promptly reviewed the MSMB Documents with the goal of serving all interested parties with privilege logs by today. In the two weeks since we received the documents – none which had ever been in our possession before – we assembled a team to carefully but quickly review the documents to identify the documents over which Mr. Biestek would assert an attorney-client privilege. Mr. Biestek is asserting attorney-client and/or work product privilege over 8,173 documents.

      With respect to the privilege log itself, we have been in regular communication with Mr. Shkreli's counsel in an effort to complete the project. Based upon our collaboration, we now join in the provision of the privilege log they have prepared and provided to the Government today, pursuant to the Court's Order. We concur with their evaluation of what documents are privileged (which is the product of the work of both our teams), as well as the suggested grouping of documents around various categories.

      In its December 12, 2016 letter, the Government also raised the question as to whether Mr. Biestek was asserting an individual attorney-client privilege over any of the MSMB Documents, or whether he was asserting a corporate privilege based upon his role a corporate officer (and according to

Honorable Kiyo A. Matsumoto
January 20, 2017
Page 2

the incorporation documents previously provided to the Court, its "sole owner and operator"). Based upon our review of the 13,127 MSMB Documents, we did not identify any documents over which Mr. Biestek would assert an individual privilege, but rather the 8,173 privileged documents are designated as such under a corporate privilege theory (asserted by both Mr. Shkreli and Mr. Biestek independently). Notably, of the 13,127 documents we have reviewed, only 677 documents (including attachments) included Mr. Biestek as a sender or a recipient or had content which included his name. Thus, there is a very small universe of documents which "involve" Mr. Biestek in any way, but as he is asserting a corporate privilege, he does so over the 8,173 documents identified and referenced in Mr. Shkreli's letter and privilege log.

Finally, it is also worth noting that the Government has conceded that Mr. Shkreli has standing to assert privilege over attorney-client communications contained in the MSMB documents, but has challenged whether Mr. Biestek could do the same. See Ltr. from USAO EDNY, November 23, 2016, at p.1. Now, despite the seeming confusion over this issue during the November 22, 2016 Court conference, Mr. Shkreli has made his assertion of privilege over the MSMB Documents specified in his letter filed today, which moots any need to litigate the Government's challenge to Mr. Biestek's claim. Mr. Biestek respectfully retains his right to make an independent claim should Mr. Shkreli waive, but it is our understanding that that is not Mr. Shkreli's intention at this time. Accordingly, additional debate on Mr. Biestek's independent privilege claim is not necessary at this time.

As we indicated at the December 14, 2016 conference, we will be present to represent Mr. Biestek's interests in this matter. Should the Court require any additional information in advance of the next conference, please advise the undersigned at Your Honor's convenience.

Sincerely,

Glen G. McGorty

CC: (via email)
AUSA Winston Paes
AUSA Alixandra Smith
AUSA Jacquelyn Kasulis
AUSA Karthik Srinivasan
Benjamin Brafman, Esq.
Andrea Zellan, Esq.
Marc Agnifilo, Esq.
Teny Geragos
Michael Verde, Esq.
Elizabeth Langdale, Esq.
Ian Shapiro, Esq.
Nicholas Flath, Esq.
Zachary Shemtob, Esq.
Reed Brodsky, Esq.
Winston Chan, Esq.
Lisa Rubin, Esq.