# Cooley

Ian Shapiro  
+1 212 479 6441  
ishapiro@cooley.com

Via ECF

January 23, 2017

Judge Kiyo A. Matsumoto  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

Re: United States v. Martin Shkreli, No. 15-CR-00637 (KAM)

Dear Judge Matsumoto:

We represent Retrophin, Inc. and write to confirm that, on January 20, 2017, Retrophin produced the privilege logs it was directed to prepare in the Court's Orders dated November 30, 2016 (ECF No. 120) and December 16, 2016 (ECF No. 137).

Specifically, of the 40 documents from 2011 that Katten produced pursuant to paragraph 2 of the Court's December 16, 2016 Order, the 3,065 documents that Katten produced from January to April 2012 pursuant to paragraph 3, and the 18,131 documents that Katten produced pursuant to paragraph 3(c) of the Court's November 30, 2016 Order, Retrophin has prepared the following privilege logs: (1) a log of e-mail families (parents and attachments) over which Retrophin claims privilege (the "**Withhold Log**"); (2) a log of individual documents (e-mails and attachments) which could be produced with redactions (the "**Redacted Log**"); and (3) a log of documents relating to commercial transactions that counsel for Mr. Shkreli has agreed are unrelated to the charges in the Superseding Indictment and can therefore be logged categorically (the "**Categorical Log**").

In addition, as a result of an ongoing meet-and-confer process with Mr. Shkreli's counsel, Retrophin has agreed to waive the privilege with respect to communications between Retrophin and Katten prior to Mr. Shkreli's departure from Retrophin on September 30, 2014 on the following additional topics: (1) Retrophin's dispute with Jackson Su; (2) Retrophin's dispute with George Huang; (3) the related dispute among Retrophin, Charles Schwab & Co., Inc., Su, and Huang; and (4) Mr. Shkreli's short-swing trading.

Retrophin's waiver on these additional topics is in addition to the topics on which it waived in its December 6, 2016 letter to the Court and its original privilege waiver described in its September 30, 2015 letter to the Government.

Judge Kiyo A. Matsumoto
January 23, 2017
Page Two

Retrophin's agreement to waive the privilege on these additional topics is subject to the same conditions that Retrophin proposed in its December 6th letter and at the December 16 conference. In particular, Retrophin's agreement to waive the privilege on these subjects is contingent on the parties' agreement that they will not invoke Retrophin's waiver on these topics to argue for a broader subject matter waiver. Retrophin does not intend to waive, and continues to assert, its attorney-client privilege with respect to Katten's communications with Retrophin over all other subjects.

Retrophin is continuing to meet-and-confer with Mr. Shkreli's counsel about the scope of Retrophin's waiver and expects to continue to do so this week when Mr. Shkreli's counsel has the benefit of Retrophin's privilege logs. Retrophin is now prepared to produce the non-privileged Katten documents it received pursuant to the Court's December 16, 2016 and November 30 Orders, which will include the documents within the scope of its original waiver dated September 30, 2015, Retrophin's expanded waiver of December 6, 2016 and the waiver described in this letter. (Retrophin's production will also include documents which have been redacted in part and included on the Redacted Log described above). Retrophin will produce these documents to the Government, as it has in the past, and will rely on the Government to produce them to the Defendants.

However, in advance of producing these non-privileged documents, Retrophin will ask the Court to enter a protective order limiting the disclosure and use of Retrophin's documents to this proceeding and the related SEC case against the Defendants. Retrophin will seek the consent of the Government and the Defendants to its proposed protective order and then submit a proposed protective order under separate cover.

Second, we are also writing to ask the Court to expand a prior order that it entered on December 6, 2016 pursuant to Fed. R. Evid. 502(d). The Court will recall that the purpose of that order was to ensure that communications between Katten and Retrophin disclosed to Mr. Shkreli pursuant to paragraph (3)(a) of the Court's November 30 Order (to facilitate segregation of Retrophin documents from MSMB documents) would not waive Retrophin's attorney client privilege or work product protection with respect to either the parties in this case or in any other state or federal proceeding. Now that a subset of those communications were also disclosed to Mr. Greebel, we respectfully request that the Court expand the December 6, 2016 Rule 502(d) Order to include the disclosure to Mr. Greebel. (For the Court's convenience, we have attached as Exhibit A of this letter a proposed form of order expanding the prior order to cover the disclosure to Mr. Greebel)

Finally, once any disputes over the documents on Retrophin's privilege log have been resolved and the identity of the documents over which Retrophin is continuing to assert privilege is no longer subject to dispute, Retrophin respectfully requests that the Court direct Mr. Shkreli, Mr. Biestek, and Mr. Greebel to destroy copies of those documents in their possession, and to confirm in writing that they have done so.

Judge Kiyo A. Matsumoto
January 23, 2017
Page Three

Respectfully submitted,

*Ian Shapiro* (MF)
Ian Shapiro

Encl.

cc: Counsel for all parties (via ECF)
Michael Verde
Elizabeth Langdale
Glen McGorty

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 15-CR-637 (KAM) |
| - against - | **[Proposed] Order** |
| MARTIN SHKRELI and EVAN GREEBEL, | |
| Defendants. | |

THIS MATTER having come before the Court on Defendant Martin Shkreli's Motion to Compel the Law Firm Katten, Muchin Rosenman, LLP to Comply with a Document Subpoena (Dkt. 103) and the Court having considered the papers in support of the motion and the letters filed by the parties, together with their exhibits, as well as the arguments presented during the conferences on November 22, 2016 and December 14, 2016, and the Court having issued Order on November 30, 2016 (Dkt. 120) (the "November 30 Order") as well as an Order on December 16, 2016 (the "December 16 2016 Order").

IT IS HEREBY ORDERED that, pursuant to Rule 502(d) of the Federal Rules of Evidence, Katten Muchin Rosenman LLP's production to Evan Greebel of the communications between him and Martin Shkreli, made on December 19, 2016, does not constitute a waiver, in this or any other proceeding, of any attorney-client privilege or work-product protection that nonparty Retrophin, Inc. may have in such materials. This Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence.

**SO ORDERED:**

Dated: January __, 2017        _____