# Cooley

Ian Shapiro Via ECF
T: +1 212 479 6441
ishapiro@cooley.com

May 19, 2017

Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Retrophin Privilege Review and Log

Dear Judge Matsumoto:

We represent Retrophin, and we are writing to update the Court on Retrophin's and Mr. Shkreli's progress in resolving their remaining disputes over the Katten documents over which Retrophin has claimed privilege.

The Court's May 12 Order directed Retrophin to prioritize the documents that Mr. Shkreli had not previously reviewed and to provide an updated privilege log, with supplemental descriptions as needed, to Mr. Shkreli for those documents by May 17. Retrophin reviewed those documents and produced all but six of them unredacted to Mr. Shkreli. For the remaining six documents over which Retrophin continues to claim privilege, Retrophin prepared a revised privilege log which eliminates duplicates and inconsistent redactions, and Retrophin also ensured that the redacted communications were for the purpose of obtaining or providing legal advice. Retrophin has also supplemented the log as necessary to explain the basis for the redaction.

Retrophin's revised privilege log and the redacted documents in this set are attached for the Court's in camera review.

Excluding those documents which Mr. Shkreli had not previously reviewed, as of the date of the last conference, Retrophin was continuing to claim privilege over 842 additional documents. Pursuant to the Court's May 11 Order, Retrophin eliminated duplicate and inconsistent redactions and was able to reduce the number of documents at issue to 425. Of these 425 documents, only 190 of them were among the documents that Mr. Shkreli's counsel had previously color-coded as of greatest potential significance to Mr. Shkreli.

On May 17, counsel for Retrophin and Mr. Shkreli met-and-conferred. Retrophin explained that it had re-reviewed the documents that Mr. Shkreli had not yet reviewed and would be producing a significant number of them unredacted. Retrophin also proposed to undertake a similar re-review of the 190 documents of greatest potential significance to Mr. Shkreli, endeavor to withdraw its claim of privilege over a substantial number of them, as appropriate, and log the remaining redactions for the Court's in camera review. Retrophin further proposed that Mr. Shkreli could continue to seek review of the remaining 235 documents between now and the conclusion of trial if any of them became relevant to Mr. Shkreli's defense, in which case the parties would meet-and-confer over the document's production or submit it for in camera review. (These remaining 235 documents are the documents among the 425 still at issue that were not color-coded, and while Mr. Shkreli has reserved his right to seek review of these



Judge Kiyo A. Matsumoto
May 19, 2017
Page Two

documents, the parties do not expect many, if any, of them to become an issue requiring the Court's involvement.)

Mr. Shkreli's counsel agreed to Retrophin's proposal, and Retrophin has proceeded accordingly. The result substantially reduces the number of documents for the Court to review in camera and should substantially conclude the litigation which has proceeded since late last year over Katten's production of Retrophin's client files.

Based on Retrophin's re-review of the 190 documents which Mr. Shkreli had color-coded as of greatest potential significance, Retrophin has now produced 130 of them to Mr. Shkreli's counsel unredacted for privilege. In re-reviewing these documents, Retrophin has tried to exercise as much restraint as possible in invoking the privilege, especially in light of the burden that a substantial in camera review would place on the Court. The parties have further agreed that Retrophin's agreement to produce the foregoing documents un-redacted will not be invoked by Mr. Shkreli as a subject-matter waiver. Moreover, in the event that a subsequent party in litigation takes the position that Retrophin's production in this context effected a subject-matter waiver, Retrophin also asks the Court to enter a Rule 502(d) Order to govern Retrophin's production of these documents. The proposed Order is attached, and Mr. Shkreli has consented to that application.

Retrophin is continuing to claim privilege over the remaining 50 documents (ten of which are duplicates and will not be submitted for in camera review but are included by Bates number on the log). All of them have been re-produced to Mr. Shkreli's counsel with proposed redactions, and Retrophin has also supplemented its privilege log for these redactions as necessary to explain the basis for Retrophin's claim of privilege.

This revised privilege log and the redacted documents are also attached to this letter for the Court's in camera review.

Sincerely,

*/s/ Ian Shapiro* /ZBS

Ian Shapiro

cc:   Counsel for all parties (via ECF)