# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

May 31, 2017

**BY ECF and HAND DELIVERY**
Honorable Kiyo Matsumoto
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

     Re:    <u>United States v. Martin Shkreli, Criminal No. 15-637 (KAM)</u>

Dear Judge Matsumoto:

Please accept this letter setting forth the defendant, Martin Shkreli's position in regard to forty-eight statements the Government intends to introduce on their direct case. The Government's fourteen-page chart detailing these statements is attached as Exhibit 1. For ease of reference, the defense has numbered each of the statements in Exhibit 1 from number one through forty-eight.

**Overview**

In regard to the forty-eight statements set forth by the Government, the defense agrees that the Government may introduce ten of those statements in the precise form proposed by the Government. Specifically statements 5, 8, 11, 12, 14, 16, 25, 35, 36, and 43 can be introduced in precisely the way the Government sets forth, with the consent of the defense.

As to fifteen of the forty-eight statements, such fifteen statements are not admissible either because the subject matter of the statement is irrelevant or because the statement involves speculation and conjecture, and is not admissible. In particular, statements 1, 2, 3, 4, 6, 7, 13, 17, 33, 37, 39, 40, 42, 44, and 45 fall into this category.

As to the remaining twenty-three statements, the defense agrees that these statements are admissible but that Federal Rule of Evidence 106 requires that other parts of the same written or recorded statement, or related parts of other written or recorded statements, should in fairness be considered by the jury at the same time as it considers the Government's proposed statements. Specifically, FRE 106 provides as follows:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time.

Fed. R. Evid. 106.

The statements that require additions pursuant to FRE 106 are 9, 10, 15, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 31, 32, 34, 38, 41, 43, 46, 47, and 48. Each proposed modification is required in order to provide the jury with the full context of the statement and an accurate understanding of Mr. Shkreli's comments. All of our modifications are expansions of the Government's statements. To ease the Court's assessment of the statements and our proposed changes, we have taken the chart prepared by the Government that lists each statement by page and line numbers, and edited it to reflect our proposed modifications. The defense chart is attached as Exhibit 2. The defense lists objections to each specific statement below.

**Defendant's Position as to Each of the Proposed Statements**

Statements 1-4

The defense contends that these statements are irrelevant for the reasons stated below.

The indictment charges four discreet schemes. The first scheme involves alleged misrepresentations to investors in MSMB Capital. The second involves investors in MSMB Healthcare. The third involves a fraud against Retrophin. The fourth appears to involve concern the so-called Fearnow shares. None of the four schemes involve misrepresentations made to the SEC. Additionally, the Government has not sought to use any alleged misrepresentations to the SEC as part of its FRE 404(b) application.

Yet, the Government seeks to admit statements by Mr. Shkreli seemingly for the purpose of showing some attempt by Mr. Shkreli to deceive the SEC. Because the indictment does not include any allegation of lying or deceiving the SEC, the statements are irrelevant to the Government's direct case. In statements number 1, 2, and 3, Mr. Shkreli answers questions about MSMB Healthcare , MSMB Endocytosis, and MSMB Capital that are not a part of the indictment and do not include statements relevant to proving any element of the crimes alleged in the indictment. They may not be used to support a contention that Mr. Shkreli tried to deceive the SEC, and accordingly, should be precluded.

Statement number 4 involves Mr. Shkreli reciting his name and address for the record. To the degree that his business and home address might be relevant and admissible there are other, much easier mechanisms for the Government to introduce that information. The Government may be seeking to introduce these statements to support a contention that Mr. Shkreli was attempting to mislead the SEC, and should be precluded.

Statement 5

## BRAFMAN & ASSOCIATES, P.C.

We agree that the Government may introduce this statement.

Statements 6 and 7

These statements should not be admitted as they are irrelevant. In particular, statements 6 and 7 (as well as 44, set forth below) relate to Mr. Shkreli's conduct while he was operating Elea Capital. FRE 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Elea Capital is not the subject of this indictment. Any statements regarding Elea Capital must be precluded pursuant to FRE 403 as unduly prejudicial because any probative value is outweighed by unfair prejudice to Mr. Shkreli, confusing the issues in the indictment, and misleading the jury.

Statement 8

We agree that the Government may introduce this statement.

Statement 9

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 10

This statement requires a modification pursuant to FRE 106. Also, as Statements 10, 20 and 21 relate to the same subject matter, the three statements are addressed together. The defense proposes the modification in Exhibit 2 as to statements 10, 20 and 21.

Statement 11

The defense agrees that the Government may introduce this statement.

Statement 12

The defense agrees that the Government may introduce this statement.

Statement 13

Statement 13 concerns Mr. Shkreli's trades in the Orexigen Therapeutics ("OREX") stock while operating MSMB Capital. These statements are irrelevant to the allegations in the indictment. The Government's position seems to be that the OREX trade losses were the impetus behind allegedly fraudulent conduct by Mr. Shkreli. The OREX losses are not in dispute. Mr. Shkreli's statements as to who is responsible for executing the trades and who was in the MSMB Capital office that day do not shed any light on the questions of fact for the jury. Accordingly, these two statements are irrelevant and inadmissible.

BRAFMAN & ASSOCIATES, P.C.

Statement 14

The defense agrees that the Government may introduce this statement.

Statement 15

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 16

The defense agrees that the Government may introduce this statement.

Statement 17

This statement should not be admitted because it is irrelevant for the same reasons stated above, in Statement 13.

Statement 18

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 19

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 20

The defense proposes the modification in Statement Ten.

Statement 21

The defense proposes the modification in Statement Ten.

Statement 22

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 23

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 24

**BRAFMAN & ASSOCIATES, P.C.**

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 25

The defense agrees that the Government may introduce this statement.

Statement 26

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statements 27-30

This statement requires a modification pursuant to FRE 106, which encompasses Statements Twenty-Seven through Statement Thirty. The proposed modification is attached in Exhibit 2.

Statement 31

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 32

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 33

Statement number 33 is inadmissible on grounds that it does not satisfy the Best Evidence Rule. The statement is essentially Shkreli being asked about the contents of a certain document, specifically the settlement agreement with Merrill Lynch, that presumably may be put into evidence. The Best Evidence Rule, FRE 1002, states "an original writing…is required in order to prove its content…" Fed. R. Evid. 1002. If the Government wants to establish what is in the settlement agreement between Mr. Shkreli, Mr. Biestek and MSMB Capital, then the Best Evidence Rule compels the Government to introduce the actual settlement agreement, not Mr. Shkreli's statements about what is in the settlement agreement.

Statement 34

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 35

The defense agrees that the Government may introduce this statement.

5

## Brafman & Associates, P.C.

Statement 36

The defense agrees that the Government may introduce this statement.

Statement 37

In statement number 37, Mr. Shkreli is questioned regarding an SEC Form 8-K filed in connection with Retrophin's December 2012 reverse merger. Mr. Shkreli uses the word "probably" three times in his answer and the phrase "could have" one time in his answer. At trial, if Mr. Shkreli testified about what "probably" or "could have" happened, it would prompt an objection that would likely be sustained. Accordingly, these statements are irrelevant and inadmissible.

Statement 38

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 39

This statement should be precluded because Mr. Shkreli is not charged with lying to the SEC. Mr. Shkreli answers questions about the redemption of MSMB Capital Fund investors' assets in which he states that as far as he recalls no investor in that fund asked for cash redemption. This statement is irrelevant.

Statement 40

Statement 40 is irrelevant and ought to be precluded. In statement 40, Mr. Shkreli is discussing circumstances surrounding his removal as CEO. Nothing in this statement has any bearing on the facts that the government must prove in order to establish a crime was committed. Although the defense contends that his removal was in violation of his employment agreement, his removal and how it occurred sheds no light on whether or he committed any of the crimes alleged in the indictment.

Statement 41

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 42

Statement 42 should be precluded. Statement 42 concerns Mr. Shkreli's conduct toward Mr. Pierotti. It is irrelevant, unduly prejudicial, and must be precluded pursuant to FRE 403.

Statement 43

## BRAFMAN & ASSOCIATES, P.C.

The defense agrees that the Government may introduce this statement.

Statement 44

The defense believes this statement is inadmissible under FRE 403, as explained above in Statement 6 and 7.

Statement 45

Statement 45 is a single sentence in which Mr. Shkreli states that both MSMB funds bought Retrophin shares. Because the indictment alleges that MSMB Capital did not own shares in Retrophin and that MSMB Capital fund investors did not own shares that could be appropriately distributed at redemption, the only reason for the Government to introduce Statements 39 and 45 is to try to show that Mr. Shkreli was inaccurate or deceptive to the SEC. These are irrelevant and inadmissible.

Statement 46

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 47

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

Statement 48

This statement requires a modification pursuant to FRE 106. The defense proposes the modification in Exhibit 2.

We respectfully request oral argument. Thank you for your consideration.

Respectfully submitted,

Marc Agnifilo, Esq
Andrea Zellan, Esq.
Brafman & Associates, P.C.
767 Third Avenue – 26th floor
New York, New York 10017
(212) 750-7800

To:   All Counsel (via ECF)