# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

June 11, 2017

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   **United States v. Martin Shkreli and Evan Greebel**
      **15 CR 637 (KAM)**

Dear Judge Matsumoto:

Pursuant to Your Honor's Order issued June 10, 2017, we write to address the outstanding issues regarding Mr. Shkreli's Motion to Compel production of Retrophin Documents.

At the outset, we respectfully apologize for not previously updating the Court as to the status of our discussions with counsel for Retrophin regarding its assertions of attorney-client privilege over documents subpoenaed from Katten Muchin Rosenman LLP ("Katten"). We do appreciate the amount of time devoted by the Court to the litigation on this issue.

With the filing of Cooley LLP's update letter to the Court on May 19, 2017, which followed a meet-and-confer with our firm, Mr. Shapiro assured us of Retrophin's willingness, through the end of the trial, to continue to re-evaluate upon our requests, Retrophin's assertion of privilege over documents. As a result we determined that we did not need to request the Court's further intervention unless absolutely necessary. We should have provided the Court with that information.

At this time, we can advise the Court that on Friday, June 9, 2017, we contacted Cooley LLP requesting that Retrophin waive its assertion of attorney-client privilege over additional documents that were a part of our initial color-coded list but that were not highlighted as priorities. A list of the documents in that request to Cooley LLP is attached as Exhibit A. Because Retrophin is asserting privilege, the documents themselves will be delivered by hand to the Court for *in camera* inspection on June 12, 2017 before 11:00am.

## Brafman & Associates, P.C.

We anticipate that we will be able to resolve this request with Cooley LLP without requesting the Court's intervention. However, pursuant to the Court's Order dated, June 10, 2017, we offer the following reasons for piercing the privilege asserted by Retrophin. Each document included in our request to Retrophin on Friday June 9th, is an email communication or an attachment to an email communication between Mr. Shkreli and Mr. Greebel. Each communication relates to the conversion of Retrophin to a corporation from an LLC.

At trial, the Government will be seeking to prove that Mr. Shkreli only chose to build Retrophin to further a scheme to defraud. On behalf of Mr. Shkreli we will argue that Mr. Shkreli's efforts to build Retrophin were the acts of an ambitious entrepreneur starting a real bio-pharmaceutical company and that no one was defrauded. As an entrepreneur he sought the assistance of competent legal counsel. We have a compelling need to demonstrate Mr. Shkreli's good faith and reliance on counsel and these communications support that position.

The instant communications regarding the conversion of Retrophin into a corporation and the explanation from his attorneys regarding the consequences of the conversion to a new legal status support our arguments. While these particular communications are between Mr. Shkreli and Katten, it is not advice that is specific to Retrophin litigation, licenses, deals, or negotiations. The communication provides a list of the attachments and a brief summary of some of the differences between operating as an LLC and operating as a corporation. The differences identified are not particularized to Retrophin, they are differences that apply to any business that converts from an LLC to a corporation.



---

[1] We have redacted this portion of our argument from the ECF filing of this letter because it forecasts our defense strategies to the government, and the government is not entitled to know our defense any more than we are entitled to know exactly how the government thinks they can prove that Mr. Shkreli committed any crime.

## BRAFMAN & ASSOCIATES, P.C.

  Also, earlier today, we requested that Retrophin waive its assertion of attorney-client privilege over additional documents. Those documents are attached as Exhibit B and are documents #268, #269 and #270 from Retrophin's original Withheld Log, submitted in January 2017. Because Retrophin is asserting privilege, the documents themselves will be delivered by hand to the Court for *in camera* inspection on June 12, 2017 before 11:00am. We anticipate that we will be able to resolve this issue without the Court's intervention, however we bring it before the Court now pursuant to the Court's June 10th Order.

  The three documents at issue in today's request are email communications between Retrophin and Katten regarding Retrophin's valuation. The emails and the one attachment were sent and received during March 2012. As the Court may recall, the period from January 2012 through the end of April 2012 is the time period during which Katten had the greatest difficulty making determinations as to whether the privilege lied with an MSMB entity or a Retrophin entity. In these correspondences about Retrophin's value, MSMB is specifically discussed, MSMB analysis and MSMB investments are also mentioned.



[2]

  We will notify the Court by ECF filing immediately following any discussions with Retrophin's counsel.[3]

---

[2] We have redacted this portion of our argument from the ECF filing of this letter because, as with the documents regarding Retrophin's conversion to a corporation, the arguments forecast our defense strategies to the government, and the government is not entitled to know our defense any more than we are entitled to know exactly how the government thinks they can prove that Mr. Shkreli committed any crime.

[3] Discussions with Retrophin's counsel are not yet scheduled for a specific time because we contacted counsel for Retrophin outside regular business hours, over the weekend. Understandably we have not received a response, yet. We are confident based on prior experience, that we will get some response from Retrophin's counsel on or before June 13, 2017.

3

**BRAFMAN & ASSOCIATES, P.C.**

Sincerely,

*/s/ Marc Agnifilo*

Marc Agnifilo, Esq.
Andrea Zellan, Esq.

cc:   All Counsel of record (via ECF)
      Counsel for Retrophin (via email)

4