# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

July 3, 2017

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: **United States v. Martin Shkreli and Evan Greebel**
**15 CR 637 (KAM)**

Dear Judge Matsumoto:

We are in receipt of the Government's letter of July 3, 2017 in which they reference various public statements they attribute to the Defendant (Dkt. No. 261).

In fairness to Mr. Shkreli, the Court should be aware that certain representatives of the press have gone out of their way to try to "bait" Mr. Shkreli into making public statements that we have all worked very hard to avoid. Having said that, we also note that Mr. Shkreli is under enormous pressure that is compounded by his clearly frail emotional state.

We bring this information to Your Honor's attention, not to solicit sympathy, but rather so that Your Honor understands that Mr. Shkreli's comments were not intended to disrupt the proceedings. Rather they are defensive measures taken by him in response to what he perceives to be highly prejudicial one-sided coverage of his trial. From Mr. Shkreli's perspective, he is being targeted. First, he believes he was targeted by the U.S. Government for prosecution not because of the conduct, but because of who he is. Second, he believes that the press does not give a balanced presentation of the case, and focuses unfairly on negative aspects of him.

During the lunch break, one of the Marshals assigned to Your Honor's courtroom came to report that Mr. Shkreli had apparently wandered into the overflow room. I went there immediately and Mr. Shkreli left the room at my request. After the court proceedings, one reporter in particular went out of her way to needle both Mr. Shkreli and me about the episode in

**BRAFMAN & ASSOCIATES, P.C.**

the overflow room. As a veteran of many high profile trials, I resisted the temptation to tell her what I really thought about her obviously gleeful perception that Mr. Shkreli had intentionally done something inappropriate. Instead, in words or substance, I assured her that it would not happen again.

From the start of this trial, the media has unfortunately and at times inaccurately reported events in a manner highly prejudicial to Mr. Shkreli, forcing counsel to move for a mistrial as a result of a front page story that was simply wrong. At that time, the Government's position was in effect that they were certain that the jurors would follow the Court's instructions and not allow the highly prejudicial information to affect them. We echo those thoughts in response to the government's current filing.[1]

In any event, we have spoken to Mr. Shkreli and we will make every effort to remove this issue from the case. We would strongly object to the issuance of a gag order because to the extent that the press coverage remains terribly prejudicial despite what actually happens in the trial, counsel must be permitted to carefully confront those issues if necessary. The First Amendment right Mr. Shkreli has to comment on what is one of the most important events in his life only cedes to other concerns when the integrity of the judicial process is in the balance. We do not nearly approach that level. The trial is proceeding efficiently and fairly. While I may wish that Mr. Shkreli refrain from any comments to the press, and I have said so publicly, we all, the Government and the Court included, must not seek to restrain his speech in the absence of some tangible impact on the judicial process. His comments are clearly not designed to have such an impact. Rather his comments are the somewhat natural, though unfortunate, consequence of a young man with a demonstrated history of significant anxiety being at the center of a supremely difficult time in his life.

Respectfully,

Benjamin Brafman, Esq.

cc:   All Counsel via ECF

---

[1] Ironically, the Government's ill-advised filing on ECF today has prompted an avalanche of media inquiry already and will undoubtedly result in substantial additional news coverage tomorrow, precisely what they should be trying to avoid! Their letter could have been filed under seal or the issue addressed at a side bar conference on Wednesday morning. Instead, what they have succeeded in doing, is to have created a platform from which millions of people will now certainly read about an issue that barely a handful of people would have otherwise noticed.