# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

July 4, 2017

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York   11201

Re.   **United States v. Martin Shkreli, Crim. No. S1 15 Cr. 637(KAM)**

Dear Judge Matsumoto:

We are in receipt of Your Honor's Order from earlier today.

The point of our letter from earlier today was not to relitigate the Josiah Austin emails, and we attempted to make that clear. It was not intended as *in limine* motion, but as a letter to put the Court on notice of the legal issues that surround the admissibility of certain documents that may come up during the Government's case. We were trying to be helpful to the Court and the Government by clearly flagging the legal issues in advance of further witness testimony.

Nonetheless, we should not be forced to give the Government and the Court a preview of our cross-examination of Government witnesses. The Court's Order would mean that prior to the testimony of a Government witness, the defendant would have to lay bare his cross-examination strategies, including the emails and other documents that the defense would use during the cross-examination. This is absolutely anathema to what cross-examination is, and must continue to be. We believe many of the Government witness will exaggerate and/or lie. The best way to show a jury that a witness is lying or exaggerating or is otherwise unworthy of belief is to confront them or sometimes surprise them with their own words. To strip Mr. Shkreli of a right that is given to every other criminal defendant in how to cross-examine Government witnesses is patently unfair.

In addition, it is not always clear what materials will be used on cross-examination until a witness testifies on direct-examination. Unlike civil cases, we have not spoken to or deposed any of the witnesses the Government intends to call. We don't know exactly what they are going to say or what type or nature of cross-examination would be most effective. For instance, if a

## BRAFMAN & ASSOCIATES, P.C.

witness is combative with the cross-examiner, the cross-examiner may embark on a different line of inquiry, involving different materials, than if the witness is more agreeable.  These are instinctive trial decisions made in the moment and cannot be scripted ahead of time.

In regard to the Court's statement about motions *in limine*, these are not proper issues for *in limine* determination for two reasons.  First, the schedule for *in limine* motions had expired prior to the time the Government provided the 3500 materials and the exhibits.  *In limine* motions were to be filed on June 1, 2017, with responses by June 7, 2017 and replies by June 9, 2017.  We did not receive the 3500 materials and exhibits until June 12, 2017.  In the absence of those materials, the defense could have no idea of what materials it may seek to use in cross-examining Government witnesses, and therefore could not have included these issues in the *in limine* briefing schedule.  But, more to the point, as set forth above, these are issues that come up during the testimony.  We simply do not know what a Government witness is going to say until he or she says it.

In closing, the defendant should not be required to preview his cross-examination of Government witnesses.  Such a requirement would violate his fundamental right to Due Process and would also be in violation of Fed. R. Crim. P. 16(b)(A)(i) and(ii),which provides that a criminal defendant must disclose only those materials it intends to use on the defendant's case in chief.  Conversely, there is no requirement – statutory or otherwise – to compel a criminal defendant to provide discovery or advance notice of the materials he intends to use to cross-examine Government witnesses during the prosecution's case in chief.

The defendant and his counsel are more than happy to assist the Court in previewing evidentiary issues before they arise.  Our letter from today was intended to do just that.  However, we should not be put in a position of losing our ability to effectively cross-examine Government witnesses and of being subject to a procedure inconsistent with Fed. R. Crim. P. 16(b)(A)(i) and(ii) to the clear detriment of the defendant on a fundamental issue such as cross-examination of witnesses.  We look forward to arriving at a solution that is fair to the defendant and reasonable and effective to the Court.

We thank the Court for its ongoing attention to these issues.

Respectfully,

Marc Agnifilo

cc:    All Counsel (via ECF)

2