

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMK/AES/GKS
F.#2014R00501

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 15, 2017

<u>By ECF and Hand</u>

Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Martin Shkreli
           <u>Criminal Docket No. 15-637 (KAM)</u>

Dear Judge Matsumoto:

      The government respectfully submits this reply to the defendant's letter, submitted on July 15, 2017, regarding the anticipated testimony of Deborah Oremland of the Financial Industry Regulatory Agency ("FINRA"), whom the government intends to call as a fact witness on Monday, July 17, 2017, concerning a number of matters.

      Relying on <u>Bank of China, New York Branch v. NBM LLC</u>, 359 F.3d 171 (2d Cir. 2004), the defendant argues that Ms. Oremland's testimony as to certain SEC rules and forms such as Rule 144 and Schedule 13D, and their purposes, is expert testimony that is subject to Federal Rule of Evidence 702. <u>Bank of China</u>, however, is distinguishable for three reasons.

      First, the witness who was challenged in <u>Bank of China</u> testified for days (and nearly 1,000 transcript pages) and specifically drew conclusions about the defendant's guilt:

> "At trial, the District Court allowed plaintiff's witness Huang Yangxin, a Bank of China employee, to testify to the following: (1) that certain transactions between defendants NBM and GEG did not comport with the business community's understanding of normal, true, trade transactions between a buyer and seller; (2) the concept of a 'trust receipt,' and how it works in the context of an international commercial transaction; and (3) that it is considered fraud when an importer presents a trust receipt to a

> bank to obtain a loan knowing that there are no real goods involved."

359 F.3d at 180 and n.10. In this case, Ms. Oremland will not apply any SEC Rules or disclosure obligations to the facts in this case and will not opine one way or another whether the defendant complied with such SEC Rules or obligations. Contrary to the defendant's argument, she will not testify about ultimate issues in the case. Her anticipated testimony is thus sharply distinguishable from that at issue in Bank of China and is more similar to the summary evidence allowed in the cases cited in the government's brief.

Second, in this case, the defendant has repeatedly emphasized the significance SEC Rules and forms during cross-examinations, including Rule 144, Form S-1 as well as quarterly and annual SEC filings. (See, e.g., 7/10/2017 Trial Tr. at 2544:3-6 (Marshall cross-examination) ("Q: Just so we're clear, when it came it was Rule 144 stock as you would call it. Restricted securities, correct? A: I'm not sure about whether it was Rule 144, some other rule, but I wouldn't dispute that either."); 7/14/17 Trial Tr. at 3541-45 (Aselage cross-examination) (discussion of Form S-1).) Witnesses have attempted to explain their understandings of such terms. The jury, however, should benefit from an explanation of these concepts. And the government is not required to rely on victims or other such fact witnesses to educate the jury. See, e.g., Exhibit A, Afriye Tr. at 45:15-19 (Judge Engelmayer: "I can well understand why the government would want to use somebody other than whoever arguably was a victim here to supply a summary witness. This is within the realm of the trial lawyer's discretion."). Ms. Oremland's testimony thus serves a core purpose of Rule 1006, which allows for summaries of voluminous information and an explanation of terms that are already before the jury. See, e.g., United States v. Levy, No. 11-CR-62 (PAC), 2013 WL 815915, at *1 (S.D.N.Y. Mar. 5, 2013); Gov't July 14, 2017 Ltr., Dkt. No. 267 at 3-5 (collecting cases and trial court rulings).

In fact, in United States v. Richard Weed, No. 14-CR-10348 (DPW) (D. Mass. (2016) ("Weed"), a recent federal trial in Massachusetts, another FINRA witness served as a Rule 1006 witness and provided testimony about the meaning and purpose of SEC Rules and forms, including Rule 144 and Schedule 13D—just as the government anticipates Ms. Oremland will testify in this case. Among other things, the witness in Weed testified about the Schedule 13D filing required when an individual or entity controls or beneficially owns more than five percent of a public company's shares (see, e.g., Weed, 5/9/16 Trial Tr. at 42[1]; Weed, 5/10/16 Trial Tr. at 19-20) and the Rule 144 process for converting restricted securities into freely-trading shares. (See, e.g., Weed, 5/10/16 Trial Tr. at 10-11.[2]) He went further and explained, for example, the purpose of Schedule 13D:

---

[1] A copy of the relevant portions of the May 9, 2016 trial transcript in Weed is attached as Exhibit C.

[2] A copy of the relevant portions of the May 10, 2016 trial transcript in Weed is attached as Exhibit D.

2

> Q. And, again, what are the benefits of making those filings,
> even if the company is not required to?
>
> A. By making those filings, it provides more publicly
> available information to potential investors to look at the
> information connected to the company and then make a judgment
> whether they want to then invest in that company based on what
> they're reading in these reports.

(Weed, 5/10/16 Trial Tr. at 21:14-20.)  To take another example, he further explained how stock purchases and sales in general affect thinly-traded companies (such as, the government will argue later, Retrophin in its early years):

> Q. And thinly traded?
> A. Exactly. "Thinly traded" meaning, again, it goes to a
> lack of liquidity. Fewer buyers and sellers in the market make
> it difficult to sell or purchase those shares, and, therefore,
> when there is a lack of liquidity, even small purchases or any
> individual purchases can greatly impact the price or volume of
> the stock at any given time.

(Id. at 52:14-20.)[3]  This testimony was helpful to the jury in Weed in understanding complicated concepts as it will be here.

Finally, the witness in Bank of China was offered by proponent as a lay opinion witness under Rule 701.  The Second Circuit was thus concerned with a key distinction between Rule 701 and Rule 702—namely that the former allows opinions based on the perception of the witness while the latter governs testimony based on experience, training and specialized knowledge and allows testimony beyond the witness's direct investigation.  Id. at 181-82.[4]  The court determined that the witness's application of his

---

[3]   Notably, in Weed, the defendant had filed a pre-trial motion in limine to preclude the FINRA witness from, among other things, defining or explaining certain financial terms and concepts such as those embodied in SEC rules or forms—precisely the objection lodged by the defendant in this case.  (See Weed, Dkt. No. 87, Defs. Mot. in Limine to Limit the Testimony Peter J. Melley (D. Mass. Apr. 11, 2016.)  The Honorable Douglas P. Woodlock, United States District Judge, District of Massachusetts, denied the motion and permitted the trial testimony attached as Exhibits C and D.  (See Weed, Dkt. No. 103, Order Denying Defs. Mot. in Limine (D. Mass. Apr. 26, 2016.)

[4]   Additionally, the Bank of China court reversed the verdict because of an error in the jury instructions, not because of the expert testimony issue.  359 F.3d at 180.  The court's discussion of the expert testimony issue was thus not necessary to the judgement in the case.  Id. at 183 ("[B]ecause we find that the jury verdict must be reversed because of the

experience in international banking to the facts strayed into expert testimony under Rule 702. Id. at 182-83. Ms. Oremland, on the other hand, conducted no independent investigation in the case and is offered under Rule 1006. Her testimony will be limited to summarizing facts in the record (or that will be in the record) and will be devoid of opinions about the defendant's conduct. Thus, neither Rules 701 or 702 apply.

                    Respectfully submitted,

                    BRIDGET M. ROHDE
                    Acting United States Attorney

By:   /s/ Jacquelyn M. Kasulis
      Jacquelyn M. Kasulis
      Alixandra E. Smith
      G. Karthik Srinivasan
      Assistant U.S. Attorneys
      (718) 254-7000

cc:    Clerk of Court (KAM) (by ECF)
       Counsel for Defendant (by ECF)

---

error in the jury instructions, we need not consider whether the District Court's evidentiary error was harmless.").