JMK:AES/GKS
F. #2014R00501

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                    15 CR 637 (KAM)

MARTIN SHKRELI,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GOVERNMENT'S REPLY TO
THE MOTION TO ADMIT EVIDENCE OF THE CHARGED CRIMES

                                    BRIDGET M. ROHDE
                                    Acting United States Attorney
                                    Eastern District of New York
                                    271 Cadman Plaza East
                                    Brooklyn, New York 11201

JACQUELYN M. KASULIS
ALIXANDRA E. SMITH
G. KARTHIK SRINIVASAN
Assistant U.S. Attorneys
      (Of Counsel)

The government respectfully submits this reply memorandum in response to the defendant Martin Shkreli's filing on July 20, 2017. (See Dkt. No. 274 ("Shkreli Br.")). Shkreli's objections are without basis in law, and the Court should grant the government's motion.

A.  Shkreli Fails To Specifically Identify The Documents To Which He Objects

Shkreli fails to identify the precise documents to which he objects. As set forth in the government's moving papers, the majority of documents that the government seeks to introduce through the witness for Standard Registrar and the case agent are statements of Shkreli and/or his co-conspirators that are relevant to the charged crimes and clearly admissible as non-hearsay under Federal Rule of Evidence ("FRE") 801(d)(2). These documents include performance estimates sent by Shkreli or his agents to investors, email correspondence with Shkreli and/or co-conspirators regarding defrauded investors, and legal agreements (including subscription agreements, settlement agreements and consulting agreements)[1] entered into and signed by Shkreli. Shkreli does not address the application of FRE 801(d)(2) to this evidence; concedes that the Confrontation Clause clearly does not apply to this evidence (as it consists of non-testimonial statements (Shkreli Br. 5)); and does not identify the specific documents to which he objects or the specific basis or bases for his objections.

B.  Shkreli Had Ample Notice Of The Government's Exhibits

Shkreli's argument that he lacked notice of the evidence that the government would seek to admit through the testimony of a Standard Registrar employee and the case agent is highly misleading. Shkreli has been on notice of—and was provided copies of—the

---

[1] These agreements are not simply verbal acts, as Shkreli has asserted. (See Shkreli Br. at 17-18). As detailed in the government's opening brief, these agreements are also statements of Shkreli and legal documents to which he subscribed. As a result, these agreements are admissible on a number of different grounds.

1

government's exhibits since June 12, 2017, pursuant to this Court's pre-trial scheduling order. The government has, by and large, organized its exhibits by witness or category. This has provided Shkreli with notice of the government's evidence above and beyond what is traditional in a criminal trial in the Southern and Eastern Districts of New York or anywhere else in the country. For example, and again as set forth in the government's moving brief, the performance estimates pertaining to a specific investor are generally grouped together and the subscription agreements for the MSMB investors appear sequentially as exhibits. Shkreli has had further notice of the universe of documents that may be admitted through a summary witness because much of this evidence consists of statements of the defendant or legal agreements entered into and signed by Shkreli in his personal capacity and/or in his capacity as an officer of one of the relevant entities. Furthermore, the government has pointed Shkreli to specific ranges of exhibits that it may seek to admit through the case agent in addition to other admissible evidence such as the subscription, settlement or consulting agreements. The notion that Shkreli learned for the first time this week that the government may seek to admit his statements into evidence beggars belief. Shkreli's argument is tantamount to saying that the government must file a motion <u>in limine</u> to admit every document at trial, and that the government must identify for a defendant before trial the precise witness through which each document will be admitted.[2] There is

---

[2] Shkreli has not shown that any of this evidence is unduly prejudicial, which is the operative standard in the FRE 403 balancing test. "The prejudice resulting to defendants from the fact that introduction of" relevant evidence is "damaging to their case is, of course, not the kind of prejudice against which Fed. R. Evid. 403 protects defendants." <u>See</u> <u>United States v. DeLillo</u>, 620 F.2d 939, 947 n.2 (2d Cir. 1980). Indeed, similar evidence as to investors has been admitted in this trial repeatedly.

absolutely no requirement that the government take these steps, as evidenced by the fact that Shkreli has provided no caselaw in support of his position.[3]

  C.  <u>The Government Is Entitled To Prove Its Case In The Manner It Chooses</u>

  The government, moreover, is invested with the discretion to prove its case and present evidence of a fact through its choice of an appropriate witness or witnesses at trial.[4] In some instances, the evidence has been presented through the testimony of an investor. That in no way precludes the government from choosing to introduce other admissible evidence through a

---

[3] Additionally, the government has provided Shkreli with a list of its witnesses for the following week at the end of the week prior (and, for the first week of trial, provided the defendant with two weeks' notice about its expected first week witnesses); has identified which witnesses it will call on each day with several days' notice; and has identified for the defendant the order in which it will call each witness. This is far beyond what is required of the government. It should also be noted that Shkreli, despite repeated requests from the government, has not provided the government with similar notice about his defense case. Although the defense case is likely to start early next week, Shkreli has not identified the witnesses he may call as part of that case, nor the anticipated order of those witnesses. In addition, Shkreli has routinely provided the government and the Court with large numbers of new exhibits just prior to the testimony of a given government witness, some of which Shkreli has sought to introduce in evidence through that witness. Such documents, which have not been used to impeach or cross-examine witnesses but rather to further Shkreli's theory of the case, can properly be considered part of his case. See United States v. Hsia, No. Crim. 98-0057 (PLF), 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000); United States v. Swenson, 298 F.R.D. 474, 477 (D. Idaho 2014) ("Defendants have a duty to produce any exhibits they intend to use at trial during cross examination of a government witness other than for impeachment purposes."); United States v. Holden, No. 13-CR-00444, 2015 WL 1514569, at *4 (D. Or. Mar 19, 2015) (holding, based on Swenson and Hsia, that a defendant must disclose nonimpeachment substantive evidence that the defendant seeks to use in examination of government or defense witnesses); United States v. Larkin, No. 2:12-CR-319-JCM-GWF, 2015 WL 4415506, at *5 (D. Nev. July 20, 2015) (approach adopted in Holden, Swenson and Hsia is "consistent with the structure and integrity of Rule 16(b) as a whole"); United States v. Aiyaswamy, No. 15-CR-00568-LHK-1, 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017) (same); United States v. Huntress, No. 13-CV-199S, 2015 WL 631976, at *33 (W.D.N.Y. Feb. 13, 2015) (observing that "it is not clear that defendants' case-in-chief would be limited to any case they may present after the government rests").

[4]  Moreover, the defendant is empowered to call witnesses that he believes would be helpful to his case. In fact, the defendant indicated that he may well call Alan Geller to the stand in his defense. That is in his discretion. But that discretion does not limit the government's choice of means in proving its case.

3

proper summary witness. The government "is entitled to prove its case by evidence of its own choice." Old Chief v. States, 519 U.S. 172, 186; see also United States v. Salameh, 152 F.3d 88, 122 (2d Cir. 1998); United States v. Gantzer, 810 F.2d 349, 351 (2d Cir. 1987). Relevant statements of Shkreli and his co-conspirators are admissible at trial, as is evidence of the scope, nature and duration of the fraud. There is simply no obligation on the part of the government to call every victim or witness to a charged crime in order to prove that the charged crime took place, or the sole purpose of permitting the defense to cross-examine that witness. Old Chief invests the government with the ability to choose how to present its evidence.

      D.      This Court's Evidentiary Rulings Have Not Altered the Elements of Federal Securities Or Wire Fraud

Shkreli alleges that that the government must show individual reliance by investors and that such a requirement is now the law of the case. (Shkreli Br. at 13-16). This argument is plainly incorrect. Shkreli fought vigorously on a number of occasions to exclude the specific experience of investors and testimony about the information they found important to their investing decision. The Court ruled that such testimony from investors would be important for the jury to be able to assess the materiality of the defendant's misstatements and omissions to the "reasonable investor," (see, e.g., Tr. at 2718-19), as is the standard under the federal fraud statutes at issue here. The Court's ruling to permit the inclusion of a particular kind of evidence as relevant in no way functions to exclude other types of evidence of materiality as irrelevant. Thus, the Court's evidentiary rulings did not function to change federal securities and wire fraud

laws—detailed in the government's initial submission at pages 13-16—to limit evidence pertinent to materiality to the subjective experiences of investors who testify at trial.

Dated: Brooklyn, New York
       July 17, 2017

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York

       /s/
Jacquelyn M. Kasulis
Alixandra E. Smith
G. Karthik Srinivasan
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of the Court (KAM)
      Defense Counsel (By ECF and Email)

5