# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

July 21, 2017

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York   11201

Re.   **United States v. Martin Shkreli, Crim. No. 15 Cr. 637 (KAM)**

Dear Judge Matsumoto:

    Attached is a chart containing a total of 32 entries signifying the specific emails to which we object in whole or in part. The chart contains the Government exhibit number on the far left, a description of the communication in the middle, and our comments and basis for objection on the right. In analyzing these emails for admissibility or non-admissibility, we started from the premise that if the email contains a statement of Mr. Shkreli it is likely to be admissible. However, there are times when the statements of Mr. Shkreli are incidental and non-substantive as compared to the statements of another party to the email. In those instances, if the other party was not shown by the trial evidence admitted to date to be a co-conspirator, or if the substance of the discussion did not advance a conspiracy, we likely lodged an objection to such an email on the basis that the email as a whole is inadmissible as hearsay without an exception.

    The Court will note that many of the objections relate to statements by individuals other than Mr. Shkreli. For instance, we object to several emails because Evan Greebel is the party making statements to parties other than Mr. Shkreli. We believe the Government has thus far failed to establish sufficient evidence that Greebel is a co-conspirator of the defendant. The same is true, we believe, of a number of other persons, whom we designate on our chart in the "comments section."

    The Court will also note that we object to communications that relate in whole or in substantial part to investors who have not, and will not, testify at this trial. We believe that under Federal Rule of Evidence 403, to introduce communications either with, or concerning, these individuals who have not testified will create juror-confusion and invite the jury to speculate as

**BRAFMAN & ASSOCIATES, P.C.**

to what is unfolding concerning this person whom the Government has chosen not to call as a witness.

Finally, in regard to two exhibits, so designated on the chart, we believe that the communications offered by the Government cause the overall communications on that topic to be out of context and we offer a short supplemental communication under Rule 106.

We hope that the comments/objections section of the chart will provide the Court with the necessary basis for our objections as to the admissibility of the challenged communications. Thank you.

Respectfully submitted,

Marc Agnifilo

cc:   All Counsel (via email)
      The Court (by hand)