

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMK:GKS/AES
F. #2014R00501

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 22, 2017

<u>By Hand and ECF</u>

Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>United States v. Martin Shkreli</u>
              <u>Criminal Docket No. 15-637 (KAM)</u>

Dear Judge Matsumoto:

      Pursuant to the Court's July 21, 2017 Order, the government respectfully submits this letter to submit proposed jury instructions concerning Count Seven (Conspiracy to Commit Wire Fraud – Retrophin Scheme) regarding the obligations and restrictions, if any, imposed on a corporate officer under Delaware law.

I.      <u>Applicable Law</u>

      It is undisputed and clearly-established law that corporate officers act in fiduciary relationships to the company and owe duties of loyalty and care to the company. See <u>Gantler v. Stephens</u>, 965 A.2d 695, 708-09 (Del. 2009) ("In the past, we have implied that officers of Delaware corporations, like directors, owe fiduciary duties of care and loyalty, and that the fiduciary duties of officers are the same as those of directors. We now explicitly so hold."); <u>Guth v. Loft, Inc.</u>, 5 A.2d 503, 510 (Del. 1939) (it has long been an articulated principle of Delaware law that officers and directors of Delaware corporations have identical fiduciary duties); <u>Cede & Co. v. Technicolor, Inc.</u>, 634 A.2d 345, 361 (Del. 1993) (same).

      The Second Circuit further explained that "[a]lthough not every breach of an employee's fiduciary duty to his employer constitutes mail or wire fraud," it is clear that "the concealment by a fiduciary of material information which he is under a duty to disclose to another under circumstances where the non-disclosure could or does result in harm to another is a violation of the [wire] fraud statute." <u>United States v. Carpenter</u>, 791 F.2d 1024, 1035 (2d Cir. 1986) (internal citations and quotations omitted). A court in the Southern District of New York recently affirmed these principles in <u>In re MF Global Holdings Ltd.</u>, 507 B.R. 808 (S.D.N.Y. Mar. 24, 2014). The court held that "[d]irectors and officers of a Delaware corporation owe a

duty of loyalty to the corporation." Id. (citing Gantler, 965 A.2d at 708-09. The Court further explained that the "duty of loyalty requires an officer or director to (1) avoid fiduciary conflicts of interest and (2) act in good faith for the corporation's best interest." Id. (internal citations and quotations omitted). Bad faith encompasses circumstances when the director or officer does not act "with an honesty of purpose and in the best interest and welfare of the corporation." Id. (internal citations and quotations omitted).

In United States v. Autuori, 212 F.3d 105 (2d Cir. 2002), the Court held that "[t]he fraud statutes are violated by affirmative misrepresentations or by omissions of material information that the defendant has a duty to disclose. Id. at 118 (internal quotations and citations omitted). In rejecting the district court's finding that omissions were not fraudulent because the defendant had no fiduciary duty to the alleged victims, the Second Circuit held that ". . . (ii) as a matter of law, a duty to disclose can arise from circumstances other than a fiduciary relationship; and (iii) a rational juror could infer that [the defendant] had and breached a duty to disclose material information at those meetings." Id. The Court disagreed with the district court's conclusion that the evidence of fraudulent omissions was insufficient because the defendant was not a fiduciary to any of the investors, and explained that while "an omission can violate the fraud statute only in the context of a duty to disclose, . . . a fiduciary duty is not the sine qua non of fraudulent omissions. Id. at 119 (citing United States v. Sancho, 157 F.3d 918, 920 (2d Cir. 1998) (per curiam) ("Nothing in ... § 1343 ... indicates that the existence of an actual fiduciary duty is a necessary element of the crime.")); United States v. Keplinger, 776 F.2d 678, 698 (7th Cir.1985); United States v. Allen, 554 F.2d 398, 410 (10th Cir.1977). Indeed, the court noted that a duty to disclose can also arise in a situation where a defendant makes "partial or ambiguous statements that require further disclosure in order to avoid being misleading." Id. at 119.

Again, it is well-established law in this and other Circuits that although most mail and wire fraud violations are based on affirmative misrepresentations, under the mail and wire fraud statutes, fraud may also be based upon a fraudulent omission or concealment. See e.g., Autuori, 212 F.3d at 118; United States v. O'Malley, 707 F.2d 1240, 1247 (11th Cir. 1983) ("Fraud, for purposes of a mail fraud conviction, may be proved through defendant's non-action or non-disclosure of material facts intended to create a false and fraudulent representation.").

II.     Proposed Jury Instruction

In light of the foregoing and the issues raised during trial, the government proposes that the Court instruct the jury as follows:

> As to the settlement and consulting agreements that the defendant MARTIN SHKRELI caused Retrophin to enter into with investors in the MSMB Funds, you are instructed that SHKRELI, as an officer of Retrophin, owed fiduciary duties of loyalty and care to Retrophin. The concealment by a fiduciary of material information which he is under a duty to disclose to another under circumstances where the non-disclosure could or does result in harm to another is a violation of the wire fraud statute. The duty of

2

loyalty requires an officer or director to avoid fiduciary conflicts of interest, and act in good faith for the corporation's best interest. Bad faith encompasses circumstances when the director or officer does not act with an honesty of purpose and in the best interest and welfare of the corporation. But again, I remind you that to find the defendant guilty on Count Seven, you must consider all the elements that I have explained to you and find that the government has proven each of those elements beyond a reasonable doubt.

The above instruction should be inserted within the instructions for Count Seven (on p. 37 of the government's proposed jury charge) in between "Specifically, as to Count Seven, the government alleges . . . investors as an alternative means to settle liabilities owed by the MSMB Funds and SHKRELI" and "To fund the defendant MARTIN SHKRELI guilty on Count Seven . . . as to all of these allegations."

                                Respectfully submitted,

                                BRIDGET M. ROHDE
                                Acting United States Attorney

By:      /s/
          Jacquelyn M. Kasulis
          Alixandra E. Smith
          G. Karthik Srinivasan
          Assistant U.S. Attorneys
          (718) 254-7000

cc:     Clerk of Court (KAM) (by ECF)
         Counsel for Shkreli (by ECF)