

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMK:GKS/AES  271 Cadman Plaza East
F. #2014R00501  Brooklyn, New York 11201

July 22, 2017

<u>By Hand and ECF</u>

Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: United States v. Martin Shkreli
     <u>Criminal Docket No. 15-637 (KAM)</u>

Dear Judge Matsumoto:

   The government respectfully submits this letter in further support of its motion to admit the settlement agreements entered into between the defendant, various MSMB entities, Retrophin and MSMB Healthcare investors Spencer Spielberg and Michael Lavelle.[1] The government seeks to clarify three issues that have arisen repeatedly during oral argument and briefing.

   <u>First</u>, the defendant insists that the government intends to argue that Spielberg and Lavelle invested in MSMB Healthcare after they relied on material misrepresentations and omissions in documents such as the private placement memorandum. (Shkreli 7/22/17 Ltr., Dkt. No. 279 at 1-3.)  To the contrary, the government has clarified repeatedly that it will not argue that Spielberg and Lavelle were induced to invest in MSMB Healthcare through fraud.  There is no record supporting such a claim.  What is indisputably relevant, however, is the defendant's representations towards his investors <u>after</u> they invested.  Indeed, the Court recognized the critical distinction between pre- and post-investment misrepresentations and omissions by the defendant to Spielberg and Lavelle when it denied the defendant's objection to the introduction of false investor statements that were sent to both individuals.

---

[1] The defendant challenges the admissibility of six e-mails relating to Spielberg and Lavelle that the government intends to offer through the case agent. (Dkt. No. 279 at 1.) As set forth in the government's previous filings, these documents are admissible as statements of a party opponent, and/or go to the defendant's knowledge or state of mind.

The settlement agreements are highly probative evidence of the defendant's post-investment misrepresentations and omissions. They further evidence the fact that Spielberg and Lavelle invested in MSMB Healthcare; a fact that is also established by the investor statements (which will be admitted). They further explain the bank records and other evidence that show money flowing into MSMB Healthcare from Spielberg and Lavelle when they invested, the disposition of those funds by the defendant and payments to these investors from Retrophin in 2013. The settlement agreements are one addition to the existing breadth and depth of evidence establishing the defendant's frauds. They should be admitted because they are clearly probative, not unduly prejudicial and not hearsay.

Second, and more broadly, the Court should reject the defendant's repeated attempts to pigeonhole the government's case as rising and falling on the level of an investor's subjective reliance on the defendant's misrepresentations and omissions. The government notes again that individualized reliance is not an element of the federal fraud statutes. This critical aspect of the law is noticeably absent from the defendant's submissions, which instead emphasize the reasons underlying the investors' decision to invest. Reliance may be relevant to the jury's determination of whether an objective reasonable investor would have found the defendant's misrepresentations or omissions material. However, the absence of individualized reliance has no bearing on whether the defendant committed fraud. See, e.g., Gov't Mot. to Admit Evidence of the Charged Crimes, Dkt. No. 276 at 13-16; Neder v. United States, 527 U.S. 1, 24-25 (1999) ("common-law requirements of 'justifiable reliance' and 'damages' . . . plainly have no place in the federal fraud statutes").

Third, the defendant's improper invocations of the Due Process Clause are grounded in neither fact nor law and should be rejected. It is well-settled law that the government is under no obligation to call every investor and certainly under no obligation to call every witness that the defendant wishes to cross-examine. As the Second Circuit held 50 years ago, "the government is under no obligation to prove a defendant's case, or to call a witness to testify simply because the testimony may be helpful to the defense. Furthermore, [the defendant] has not shown that he was prejudiced by the government's decision not to have [a witness] testify. [The witness] remained available as a witness. It is unlikely that [the defendant] really felt the testimony would have been helpful because he made no attempt to call [the witness] to testify. This did not shift the burden of proof to the defendant." United States v. Kompinski, 373 F.2d 429, 431 (2d Cir. 1967). And as the Circuit has elaborated, "a prosecutor is entitled to comment on a defendant's failure to call witnesses or contradict the factual character of the Government's case, as well as on the defendant's failure to support his own factual theories with witnesses." See United States v. McDermott, 918 F.2d 319, 327 (2d Cir. 1990); United States v. Thomas, No. 02 Cr. 991 (JFK), 2003 WL 1961532 (S.D.N.Y. Apr. 25, 2003).

Although the defendant is under no obligation to present evidence or call witnesses, he is free to call witnesses to support factual contentions that he suggests are helpful to him. Indeed, as the Court has now seen, the defendant's briefs contain arguments that are appropriate for summation, but have no place in a discussion about the admissibility

of evidence. The defendant is free to make his arguments regarding the weight of the evidence relating to Spielberg and Lavelle to the jury. He is free to call these investors because he apparently believes they are helpful to his case. That he chooses not to is no basis to exclude the settlement agreements or any communications with these investors that are clearly admissible and highly probative.

                                         Respectfully submitted,

                                         BRIDGET M. ROHDE
                                         Acting United States Attorney

By:     /s/
                                         Jacquelyn M. Kasulis
                                         Alixandra E. Smith
                                         G. Karthik Srinivasan
                                         Assistant U.S. Attorneys
                                         (718) 254-7000

cc:      Clerk of Court (KAM) (by ECF)
           Counsel for Defendant Shkreli (by ECF)