# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

July 22, 2017

**Via ECF**
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re.  **United States v. Martin Shkreli, Crim. No. 15 Cr. 637 (KAM)**

Dear Judge Matsumoto,

We made a record yesterday that the Government's theory of criminal liability on Count 7 is like shifting sands and it has become impossible for Mr. Shkreli and his counsel to discern precisely what the Government claims he did wrong. (7/21/17 Transcript at p. 4581). The Government yesterday for the first time pointed to a specific provision of Delaware Law, specifically Section 144, as the basis for the Government's claim that Mr. Shkreli violated Count Seven.

The Government stated as follows:

Your Honor, we can point the defense and Your Honor to the Delaware law. Section 144 specifically, Your Honor, about interested directors and if there's a contract or a transaction between the corporation and one of the interested directors. There has to be an affirmative vote of the majority of the disinterested directors on the board of directors in order for that contract to be approved and valid under Delaware law. I think we have established by both of the other board members at the time that Mr. Shkreli entered into these agreements that neither of them as disinterested parties affirmatively voted for the related-party transactions that Mr. Shkreli entered into and are actually called related-party transactions in the SEC filings, the amended SEC filings, that were disclosed in September of 2013. I don't think that there is a dispute that these were in fact related-party transactions and, so, I just want to direct Your Honor's attention to that section because it appears that that argument is in fact prohibited

**BRAFMAN & ASSOCIATES, P.C.**

under Delaware law and of course we're happy to provide a copy of this subsection to the defense as well.

(7/21/17 Transcript at p. 4587, ll. 4-24.)

Yesterday evening, the Court filed an order stating, in part, as follows:

The Court has reviewed Delaware General Corporation Law (DGCL) Section 144, cited by the Government during the 7/21 conference, and is not convinced that the plain text of this provision applies to the settlement and consulting agreements.

When the Government filed its letter brief earlier today, they did not mention or cite to section 144, or in any way defend its applicability to the facts of this case. In fact, the substance of their letter from earlier today seems to have nothing to do with section 144, despite their statements yesterday that section 144 was the provision of Delaware law upon which they were specifically relying.

Accordingly, our question for the Government is whether they are continuing to rely on section 144, or whether their theory of criminal liability has changed since yesterday. We are concerned that with a day or two left in the Government's case, the Government is changing important parts of their theory in Count 7. Delaware law was not mentioned pretrial—the Government did not seek a jury charge on Delaware law, nor did they mention it in their opening, nor at any other time before Friday. On Friday for the first time, the Government stated explicitly that its theory of Count 7 was based on section 144. After the Court expressed doubt about its applicability, the Government is now backing away from section it. The Government constantly changing positions is making it impossible to defend Mr. Shkreli from these allegations. As we advance defenses, the Government changes fundamental aspects of its theory, assuring everyone that this was their theory all along. When that theory meets resistance—in this case in the form of last evening's ruling—the Government abandons that theory and claims another.

Respectfully submitted,

/s/
Marc Agnifilo

cc:   All Counsel (via ECF)