# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

July 23, 2017

**Via ECF**
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  **United States v. Martin Shkreli, Crim. No. 15 Cr. 637 (KAM)**

Dear Judge Matsumoto:

In light of the Government's proposed instruction submitted yesterday afternoon, the defense raises additional objections set forth below. In addition to the reasons cited in our letter yesterday, we further argue that the Government's proposed charge is improper for the following three reasons.

**First**, it is inconsistent with the charge in Count Seven, which specifically alleges that Shkreli "did knowingly and intentionally conspire to devise a scheme and artifice to defraud Retrophin, **and to obtain money and property from Retrophin** by means of materially false and fraudulent pretenses, representations and promises." Superseding Indictment, para. 56.

The Government's proposed charge that "the concealment by a fiduciary of material information which he is under a duty to disclose to another under circumstances where the non-disclosure could or does result in harm to another is a violation of the wire fraud statute" is improper because, among other reasons, that is not the charge in Count Seven. Count Seven charges Shkreli with conspiring to obtain money and property from Retrophin through material falsehoods. He is not charged with concealing information that he had an obligation to disclose. In fact, that is not a crime. In any event, it is certainly not the crime charged in Count Seven of the Superseding Indictment.

**Second**, The Second Circuit's decision in United States v. Carpenter, 791 F.2d 1024 (2d Cir. 1986), relied upon by the Government in fashioning its charge, is distinguishable for several reasons. First, Carpenter was an insider trading case premised on the misappropriation theory of

**BRAFMAN & ASSOCIATES, P.C.**

insider trading which requires the breach of a duty as an element of the crime.[1] The duty-breach in Carpenter was the knowing violation of the Wall Street Journal's confidentiality policy. As a result, the breach of a fiduciary duty was central to the criminal conduct. When the Supreme Court of the United States granted *certiorari* to the Second Circuit's decision, the Supreme Court specified that its holding on the mail and wire fraud issues was related to the fact that the defendant was also charged with insider trading based on his breach of a fiduciary duty. Specifically, the Supreme Court stated that "(w)e have little trouble in holding that the conspiracy here to trade on the Journal's confidential information is not outside the reach of the mail and wire fraud statutes provided the other elements of the offense are satisfied." Carpenter v. United States, 484 U.S. 19, 28 (1987). As a result, both the Circuit's and the Supreme Court's decisions in Carpenter are confined to the facts, specifically that the insider trading count charged a breach of a fiduciary duty as an actual element of the offense.

A second distinction is that in Carpenter, the property taken was the confidential information of the Wall Street Journal and the reason the reporter was prohibited from taking it was because he had a duty of confidentiality to the Journal. In this manner, the crime centered on and was defined by the relationship the reporter had to his newspaper. In other words, the reason the taking of the information was a crime was because the reporter had a duty to maintain the confidential information of the newspaper.

As stated above, the gravamen of the offense in Count Seven is that Shkreli conspired to obtain money and property from Retrophin. Therefore, unlike in Carpenter where the reporter's duty to the Wall Street Journal created the criminal liability, there is no similar allegation in Count Seven.

**Third**, the proposed charge is an inaccurate statement of the law in that it premises guilt on a breach of a fiduciary duty that causes harm. That is simply not the law, and there is no case cited by the Government or which could be cited that holds that this would amount to a conspiracy to violate the wire fraud statute. To the extent that the Government would seek to supplement the proposed instruction with other traditional instructions on wire fraud, the Government's proposed instruction would confuse the jury because it is inconsistent with the established law.

**Fourth**, the proposed charge would amount to an unlawful constructive amendment of the Superseding Indictment. A constructive amendment arises when the Government's proof and the trial court's jury instructions "modify essential elements of the offense charged to the point that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged by the grand jury." United States v. Vebeliunas, 76 F.3d 1283, 1290 (2d. Cir. 1996).

---

[1] The import of the Second Circuit's Carpenter decision is that it extended the misappropriation theory of insider trading to confidential information that was not *securities-related*. See dissenting opinion of Miner, J. at 791 F.3d at 1036. The mail and wire fraud charges were connected to, and an outgrowth of, the securities fraud count.

**BRAFMAN & ASSOCIATES, P.C.**

We thank the Court for its continued consideration.

Respectfully submitted,

/s/
Marc Agnifilo

cc: All counsel (via ECF)