<u>Jury Instructions</u>
<u>July 28, 2017 Court Ex. 5</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
                                   :
UNITED STATES OF AMERICA,          :
                                   :
          -against-                :
                                   :   15-CR-637 (KAM)
Martin Shkreli,                    :
                                   :
               *Defendant.*        :
                                   :
----------------------------------x


## <u>JURY INSTRUCTIONS</u>

**TABLE OF CONTENTS**

INTRODUCTION................................................ 1

I. GENERAL RULES OF LAW ..................................... 2

  1. Role of the Court ..................................... 2

  2. Role of the Jury ...................................... 3

  3. Conduct of Counsel .................................... 7

  4. Presumption of Innocence and Burden of Proof ............. 8

  5. Reasonable Doubt ..................................... 9

  6. Forms of Evidence ................................... 10

    A. What Is Evidence: .................................. 10

    B. What Is Not Evidence: ............................. 12

  7. Direct and Circumstantial Evidence: ................... 13

  8. Inferences .......................................... 15

  9. Admission of Defendant .............................. 16

  10.Defendant's Right Not to Testify ...................... 16

  11.Credibility of Witnesses ............................. 17

  12.Number of Witnesses ................................. 20

  13.Testimony of Government Employees/Law Enforcement Witnesses 21

  14.Prior Inconsistent Statements ........................ 22

  15.Preparation for Testimony ............................ 23

  16.No Duty to Call Witnesses or Produce Evidence or Use Particular Investigative Techniques ...................... 23

  17.Informal Agreements ................................. 24

  18.Consider Only this Defendant ......................... 26

  19.Approximate Dates ................................... 27

II. THE CHARGES............................................ 27

  1. Summary of the Superseding Indictment; Consider Only the Charges; Consider Each Count Separately .................... 27

2. Knowingly, Willfully, and Intentionally Defined .......... 29

    A. Knowingly ............................................. 29

    B. Willfully ............................................. 29

    C. Intentionally ......................................... 30

COUNTS THREE AND SIX: Securities Fraud...................... 31

    A. The Charges .......................................... 31

    B. The Statute and Rule ................................. 32

    C. Definition and Elements ............................. 33

    D. Securities Fraud Venue .............................. 43

COUNTS ONE AND FOUR: Conspiracy to Commit Securities Fraud.... 46

    A. Conspiracy ........................................... 51

    B. Venue ................................................ 59

COUNTS TWO AND FIVE: Conspiracy to Commit Wire Fraud.......... 61

    A. Conspiracy to Commit Wire Fraud ..................... 62

    B. Wire Fraud: Definition and Elements ................. 63

    C. Venue ................................................ 70

COUNT SEVEN................................................. 70

    A. Conspiracy to Commit Wire Fraud ..................... 71

    B. Wire Fraud ........................................... 72

    C. Venue ................................................ 74

COUNT EIGHT................................................. 74

    A. Conspiracy ........................................... 76

    B. Securities Fraud ..................................... 77

    C. Venue ................................................ 79

III. Defenses.............................................. 79

  1. Good Faith ............................................ 79

  2. Reliance on Counsel ................................... 80

IV. CLOSING INSTRUCTIONS.................................... 81

  1. Selection of a Foreperson ............................. 81

2. Verdict & Deliberations .................................. 82

3. Note-Taking ............................................. 85

4. Communications with the Court ........................... 85

5. Right to See Evidence ...................................... 86

6. Return of Verdict ......................................... 86

7. Conclusion ............................................... 87

<u>**Jury Instructions**</u>
<u>**July 28, 2017 Court Ex. 5**</u>

<u>**INTRODUCTION**</u>

You are about to enter your final duty, which is to decide the factual issues in the case.  I ask that you please pay close attention to me now.  I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the trial would be to listen carefully and observe each witness who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty, and I thank you for your attentiveness and service.  Now that you have heard all of the evidence in this case and the arguments of each side, it is my duty to give you instructions as to the applicable law.  My instructions will be in three parts:

<u>First</u>:  I will state some general rules about your role and the way in which you are to review the evidence in this case;

<u>Second</u>:  I will instruct you as to the particular crimes charged in this case and the elements that the government must prove with respect to each; and

<u>Third</u>:  I will give you some general rules regarding your deliberations.

1

<u>Jury Instructions</u>
<u>July 28, 2017 Court Ex. 5</u>

Do not single out any one instruction I give you as alone stating the law.  Rather, you should consider these instructions as a whole when you retire to the jury room to deliberate on your verdict.

## I.  <u>GENERAL RULES OF LAW</u>

### 1.  <u>Role of the Court</u>

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the government and for the defendant, Martin Shkreli.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  Even if any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be — or ought to be — it

2

would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

2.   **Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  Your role is to pass upon the weight of the evidence; determine the credibility of the witnesses; resolve such conflicts as there may be in the testimony; and draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have stated in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer that is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

3

<u>Jury Instructions</u>
<u>July 28, 2017 Court Ex. 5</u>

The evidence before you consists of the answers given by witnesses--the testimony they gave, as you recall it–and the exhibits and stipulations that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Throughout this trial, I have reminded you not to conduct any outside research into this case.  I have also instructed you to consciously avoid any media about this case or about Mr. Shkreli.  Likewise, during deliberations, you may only consider the evidence admitted at trial and may not utilize any other information obtained outside the courtroom, including, but not limited to, research on the internet, opinions or statements outside the courtroom, or other sources.  You must completely disregard any report that you have read in the press, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such  media.

4

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to consider the evidence with impartiality.  Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

In reaching your decision as to whether the government sustained its burden of proof, it would be improper for you to consider any personal feelings you may have about the defendant's race, religion, national origin, sex or age.  It

would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.  All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, are equal before the law.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this

case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?  It is for you alone to decide whether the government has proven that Mr. Shkreli is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. If you follow your oath, and try the issues without fear or prejudice or bias or sympathy, you will arrive at a true and just verdict.

3.    **Conduct of Counsel**

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorneys believe is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

During the course of the trial, I may have admonished an attorney. You should draw no inference against the attorney

or the client. It is the duty of the attorneys to offer evidence
and press objections on behalf of their side.  It is my function
to cut off counsel from an improper line of argument or
questioning, and to strike answers when I think it is necessary.
But you should draw no inference from that.

In fact, in this case, I would like to express my
gratitude to each of the attorneys for their conscientious
efforts on behalf of their clients and for work well done.

## 4.   Presumption of Innocence and Burden of Proof

The defendant, Martin Shkreli, is before you today
because he has been charged in an Indictment – here, a
Superseding Indictment – with violations of federal law.  The
Superseding Indictment is merely a statement of charges, and is
not itself evidence.  Mr. Shkreli has pleaded not guilty to the
Superseding Indictment.  Mr. Shkreli is therefore presumed to be
innocent of the charges against him, and that presumption alone,
unless overcome, is sufficient to acquit him.

To convict Mr. Shkreli, the burden is on the
government to prove each and every element of the charged
offenses beyond a reasonable doubt.  This burden never shifts to
a defendant, for the simple reason that the law presumes a
defendant to be innocent.  A defendant is never required to

8

prove that he is innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

Every defendant starts with a clean slate and is presumed innocent of each of the charges until such time, if ever, that you as a jury are satisfied that the government has proven the defendant guilty of a given charge beyond a reasonable doubt.  If the government fails to prove every element of a charge beyond a reasonable doubt, you must find Mr. Shkreli not guilty as to that charge.

5.   **Reasonable Doubt**

What is a reasonable doubt?  It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  The law does not require

9

that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of all of the evidence or lack of evidence concerning a particular charge against Mr. Shkreli, you have a reasonable doubt, you must find Mr. Shkreli not guilty of that charge.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied of the Mr. Shkreli's guilt beyond a reasonable doubt, you should find Mr. Shkreli guilty of that charge.

**6.** **Forms of Evidence**

I now will instruct you as to what is evidence and how you should consider it.

A. **What Is Evidence:**

The evidence in this case comes in several forms:

1. Sworn testimony of witnesses, both on direct and cross-examination;

2. Exhibits that have been received by the court in evidence;

3. Certain exhibits admitted in evidence in the form of charts, summaries and demonstratives. You should consider these charts and summaries as you would any other evidence; and

10

4.   Stipulations of fact to which all the attorneys have agreed.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Here, the attorneys for the United States and the attorneys for Mr. Shkreli have entered into stipulations concerning certain facts and documents that are relevant to this case. You should accept these stipulations as evidence and regard those facts as true, to be given whatever weight you choose.

If evidence was received for a limited purpose, you must consider that evidence for that limited purpose only.

11

B.    **What Is Not Evidence:**

Certain things are not evidence and are to be disregarded by you in deciding what the facts are:

1.    The Superseding Indictment is not evidence and is entitled to no weight in your evaluation of the facts.

2.    Arguments or statements by the attorneys are not evidence.

3.    A lawyer's questions of a witness in and of themselves are not evidence - only the answer constitutes evidence.

4.    Objections to the questions or to offered exhibits are not evidence.  Attorneys have a duty to object when they believe evidence should not be received.  You should not be influenced by the objection or by the court's ruling on it.  If the objection was sustained, ignore the question.  If the objection was overruled, treat the answer like any other answer.

5.    Any testimony stricken by the court is not evidence.

12

6.    Any exhibits identified, but not admitted into

evidence by the court, are not evidence, however,

testimony regarding such exhibits can be

considered.

7.    Obviously, anything you may have seen or heard

outside the courtroom is not evidence.

8.    Any notes you may have taken during the course of

the trial are not evidence.

Your verdict must be based exclusively upon the

evidence or the lack of evidence in this case.

**7.   Direct and Circumstantial Evidence:**

I told you that evidence comes in various forms such

as the sworn testimony of witnesses, exhibits, charts and

summaries, and stipulations.  There are, in addition, different

types of evidence - direct and circumstantial.

1.    **Direct evidence**:  Direct evidence is evidence

that proves a fact directly.  For example, when a

witness testifies to what he or she saw, heard or

observed, that is called direct evidence.

2.    **Circumstantial evidence**:  Circumstantial evidence

is evidence that tends to prove a disputed fact

by proof of other facts. To give a simple

13

example, suppose that when you came into the
courthouse today the sun was shining and it was a
nice day, but the courtroom blinds were drawn and
you could not look outside. Then later, as you
were sitting here, someone walked in with a
dripping wet umbrella and, soon after, somebody
else walked in with a dripping wet raincoat.
Because you cannot look outside of the courtroom
and cannot see whether or not it is raining, you
have no direct evidence that it is raining. But,
on the combination of the facts about the
dripping wet umbrella and raincoat, it would be
reasonable for you to infer that it had begun to
rain. That is all there is to circumstantial
evidence. Using your reason and experience, you
infer from established facts the existence or the
nonexistence of some other fact.  Whether a given
inference should be drawn is entirely a matter
for you, the jury, to decide. Please note,
however, that drawing an inference is not a
matter of speculation or guess; it is a matter of
logical inference.

14

<u>Jury Instructions</u>
<u>July 28, 2017 Court Ex. 5</u>

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

8.   <u>Inferences</u>

The attorneys have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government may ask you to draw one set of inferences, while the defense may ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw-but not required to draw-from the facts that have been established by either direct or circumstantial

15

evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted, but not required, to draw from the facts that you find to be proven such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

## 9.   Admission of Defendant

There has been evidence that Mr. Shkreli made certain statements to the Securities and Exchange Commission (also referred to as the SEC) in which the government claims he admitted certain facts charged in the Superseding Indictment. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

## 10.  Defendant's Right Not to Testify

Mr. Shkreli did not testify in this case.  Under the United States Constitution, a defendant has no obligation to testify or to present any evidence, because it is the

16

government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent, because his innocence is presumed.

Therefore, you must not attach any significance to the fact that Mr. Shkreli did not testify in this case.  You must not draw any adverse inference against him because he did not take the witness stand and you may not consider or even discuss it in any way in your deliberations in the jury room.

11. **Credibility of Witnesses**

You the jury are the sole judges of the credibility – or believability – of the witnesses and the weight their testimony deserves.  You should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decisions in this respect may depend on how each witness impressed you.  Was the witness candid and forthright or did the witness seem to be hiding something, being evasive or suspect in some way?  How did the witness's testimony on direct examination compare with the witness's testimony on cross-

17

examination?  Was the witness consistent in the testimony given
or were there contradictions?  Did the witness appear to know
what she or he was talking about and did the witness strike you
as someone who was trying to report that knowledge accurately?
These are examples of the kinds of common sense questions you
should ask yourselves in deciding whether a witness is, or is
not, truthful.

You should also consider whether a witness had an
opportunity to observe the facts he or she testified about.
Also, you should consider whether the witness's recollection of
the facts stands up in light of the other evidence in the case.

How much you choose to believe a witness may also be
influenced by the witness's bias. Does the witness have a
relationship with the Government or Mr. Shkreli that may affect
how he or she testified? Does the witness have some incentive,
loyalty, or motive that might cause him or her to shade the
truth? Does the witness have some bias, prejudice, or hostility
that may cause the witness to give you something other than a
completely accurate account of the facts he or she testified to?

Evidence that a witness is biased, prejudiced or
hostile toward Mr. Shkreli requires you to view that witness'

18

testimony with caution, to weigh it with care, and to subject it to close and searching scrutiny.

You should also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

You have also heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.  Evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the

19

witness's entire testimony should be discredited.  People
sometimes forget things and even a truthful witness may be
nervous and contradict him- or herself. It is also a fact that
two people witnessing an event may see or hear it differently.
Whether a discrepancy pertains to a fact of importance or only
to a trivial detail should be considered in weighing its
significance.

A willful falsehood always is a matter of importance
and should be considered seriously.  If any witness is shown to
have willfully lied about any material matter, you have the
right to conclude that the witness also lied about other
matters. You may either disregard all of that witnesses'
testimony, or you may accept whatever part of it you think
deserves to be believed. It is for you to decide, based on your
total impression of a witness, how to weigh his or her
testimony. You should, as always, use common sense and your own
good judgment.

12.  __Number of Witnesses__

You do not have to accept the testimony of any witness
who has not been contradicted or impeached, if you find the
witness not to be credible. You also have to decide which
witnesses to believe and which facts are true. To do this you

must look at all the evidence, drawing upon your own common
sense and personal experience. Mr. Shkreli has chosen not to
call any witnesses.  You should keep in mind that the burden of
proof is always on the government and that the defendant is not
required to call any witnesses or offer any evidence, because he
is presumed to be innocent.

13.   **Testimony of Government Employees/Law Enforcement Witnesses**

In this case, you have also heard testimony from a
witness who works for the FBI, a law enforcement agency. The
testimony of this witnesses should be evaluated in the same
manner as the testimony of any other witness. The fact that a
witness may be employed by the government does not mean that you
may accord his or her testimony any more or less weight than
that of any other witness. At the same time, it is common for
defense counsel to try to question the credibility of a witness
employed by the government, including a witness who works in law
enforcement, on the grounds that his or her testimony may be
colored by a personal or professional interest in the outcome of
the case. It is for you to decide, after weighing all the
evidence, in light of the instructions I have given you about
factors relevant to determining the credibility of any witness,

21

whether you accept the testimony of a government employee

witness and what weight, if any, it deserves.

**14.  Prior Inconsistent Statements**

You have heard evidence that a witness made a

statement on an earlier occasion which counsel argues is

inconsistent with the witness's trial testimony. Evidence of

what is arguably a prior inconsistent statement was placed

before you for the limited purpose of helping you decide whether

to believe the trial testimony of the witness who contradicted

himself or herself. If you find that the witness made an earlier

statement that conflicts with his trial testimony, you may

consider that fact in deciding how much of his trial testimony,

if any, to believe.

In making this determination, you may consider whether

the witness purposely made a false statement or whether it was

an innocent mistake; whether the inconsistency concerns an

important fact, or whether it had to do with a small detail;

whether the witness had an explanation for the inconsistency,

and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the

evidence and your own good judgment, to determine whether the

prior statement was inconsistent, and if so how much, if any,

weight to be given to the inconsistent statement in determining whether to believe all, part, or none of the witness's testimony.

## 15.  Preparation for Testimony

During the course of trial, you heard testimony that the attorneys for the parties interviewed witnesses when preparing for and during trial.  Attorneys have an obligation to prepare their case as thoroughly as possible, and in the discharge of that responsibility properly interview witnesses in preparation for the trial and from time to time as may be required during the course of the trial.

## 16.  No Duty to Call Witnesses or Produce Evidence or Use Particular Investigative Techniques

Although the government bears the burden of proof, and although a reasonable doubt can arise from lack of evidence, you are instructed that there is no legal requirement that the government use any specific investigative techniques or pursue every investigative lead to prove its case. Therefore, although you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.

In this regard, I also charge you that all persons who may have been present at any time or place mentioned in the case, or who may appear to have some knowledge of the issues in this case, need not be called as witnesses.  Both the government and the defense have the same right to subpoena witnesses to testify on their behalf.  There is no duty on either side, however, to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.  Nor does the law require that all things mentioned during the course of the trial be produced as exhibits. I remind you, however, that because the law presumes the defendant to be innocent, the burden of proving the defendant's guilt beyond a reasonable doubt is on the government throughout the trial.  The defendant never has the burden of proving his innocence or of producing any evidence or calling any witnesses at all.

## 17.  Informal Agreements

You have heard the testimony of a witness who has been promised by the government that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes that he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal

24

order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom from prosecution by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

18.  <u>Consider Only this Defendant</u>

You have heard evidence about the involvement of certain other people in the crimes charged in the Superseding Indictment. You may not draw any inference, favorable or unfavorable, towards the government or Mr. Shkreli from the fact that certain persons are not on trial before you, or that certain persons were not named as defendants in the Superseding Indictment or that certain persons were named as co-conspirators but not indicted.  It is not your concern that these other individuals are not on trial before you, nor should you speculate as to whether or not they were indicted. You should neither speculate as to the reason these other people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case. Nor should you draw any inference from the fact that any other person is not present at this trial or may or may not be indicted. Your concern is solely the defendant on trial before you, Mr. Shkreli.

Your verdict should be based solely upon the evidence or lack of evidence as to this defendant, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

26

### 19.  Approximate Dates

The Superseding Indictment charges that the offenses at issue took place "in or about" and "between" certain dates. The proof need not establish with certainty the exact date of the alleged offenses.  The law only requires a substantial similarity between the date alleged in the Superseding Indictment and the date established by the evidence.

## II.  THE CHARGES

I will now turn to the second part of my instructions. In this part, I will instruct you as to the specific elements of the crimes charged that the government must prove beyond a reasonable doubt to warrant a finding of guilt in this case.

### 1.  Summary of the Superseding Indictment; Consider Only the Charges; Consider Each Count Separately

I will begin by summarizing for you the various charges alleged in the Superseding Indictment, which as I mentioned is merely a statement of the charges, and is not evidence.  Mr. Shkreli is not charged with committing any crime other than the offenses contained in the Superseding Indictment. You have heard evidence of other acts allegedly committed by Mr. Shkreli.  When such evidence was introduced, I instructed you

27

that Mr. Shkreli was not charged with such acts in the Superseding Indictment.

The Superseding Indictment contains a total of eight counts.  Each count charges Mr. Shkreli with a different crime. The charges in Counts One through Three are related to an entity known as MSMB Capital. In Count One, Mr. Shkreli, is charged with conspiracy to commit securities fraud, in Count Two he is charged with conspiracy to commit wire fraud and in Count Three he is charged with a substantive count of securities fraud in relation to MSMB Capital.

The charges in Counts Four through Six are related to an entity known as MSMB Healthcare.  In Count Four, Mr. Shkreli is charged with conspiracy to commit securities fraud, in Count Five, he is charged with conspiracy to commit wire fraud, and in Count Six, he is charged with a substantive count of securities fraud in relation to MSMB Healthcare.

In Count Seven, Mr. Shkreli is charged with conspiracy to commit wire fraud, and in Count Eight, he is charged with conspiracy to commit securities fraud in relation to an entity known as Retrophin.

You must consider each count of the Superseding Indictment separately, and you must return a separate verdict on

28

the defendant for each count in which he is charged.  Whether

you find Mr. Shkreli guilty or not guilty as to one offense

should not affect your verdict as to any other offense charged.

## 2.   __Knowingly, Willfully, and Intentionally Defined__

During these instructions, you will hear me use the

terms "knowingly," "willfully," and "intentionally."  Therefore,

I will define these terms for you.

### A.   __Knowingly__

To act "knowingly" means to act intentionally and

voluntarily, and not because of ignorance, mistake, accident,

negligence, or carelessness.  Whether Mr. Shkreli acted

knowingly may be proven by his conduct and by all of the facts

and circumstances surrounding the case.

### B.   __Willfully__

Certain allegations in the Superseding Indictment

require that the government prove beyond a reasonable doubt that

Mr. Shkreli acted "willfully.  "Willfully" means to act with

knowledge that one's conduct is unlawful and with an intent to

do something the law forbids; that is to say, with a bad purpose

either to disobey or to disregard the law.  A defendant's

conduct is not "willful" if it was due to negligence,

inadvertence, or mistake.

29

<u>Jury Instructions</u>
<u>July 28, 2017 Court Ex. 5</u>

C.     **Intentionally**

A person acts "intentionally" when he acts deliberately and purposefully.  That is, the defendant's acts must have been the product of his conscious objective decision rather than the product of a mistake or accident.

Whether a person acted knowingly, willfully, or intentionally is a question of fact for you to determine, like any other fact question.  Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.  In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

## COUNTS THREE AND SIX: Securities Fraud

The defendant MARTIN SHKRELI is formally charged in a Superseding Indictment.  I am going to begin with the substantive securities fraud charges.  Counts Three and Six of the Superseding Indictment charge Mr. Shkreli with securities fraud.

A.   **The Charges**

Count Three of the Superseding Indictment charges Mr. Shkreli with securities fraud in relation to **MSMB Capital**, as follows:

> In or about and between September 2009 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors or potential investors in MSMB Capital, in connection with the purchase and sale of investments in MSMB Capital, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

31

Count Six of the Superseding Indictment charges Mr. Shkreli with committing securities fraud in relation to **MSMB Healthcare** as follows:

> In or about and between February 2011 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors or potential investors in MSMB Healthcare, in connection with the purchase and sale of investments in MSMB Healthcare, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

B.    **The Statute and Rule**

The relevant statute is Section 10(b) of the Securities Exchange Act of 1934. That law provides in relevant part that:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or any facility of any national securities exchange –

(b) To use or employ, in connection with the purchase
or sale of any security registered on a national
securities exchange or any security not so registered
. . . any manipulative or deceptive device or
contrivance in contravention of such rules and
regulations as the [Securities and Exchange Commission
("SEC")] may prescribe as necessary or appropriate in
the public interest or for the protection of
investors.

Based on its authority under this statute, the SEC

enacted Rule 10b-5, which provides:

It shall be unlawful for any person, directly or
indirectly, by the use of any means or instrumentality
of interstate commerce, or of the mails or of any
facility of any national securities exchange,
(a) To employ any device, scheme, or artifice to
defraud,
(b) To make any untrue statement of a material fact or
to omit to state a material fact necessary in order to
make the statements made, in the light of the
circumstances under which they were made, not
misleading, or
(c) To engage in any act, practice, or course of
business which operates or would operate as a fraud or
deceit upon any person, in connection with the
purchase or sale of any security.

C.   **Definition and Elements**

In order to meet its burden of proof as to Counts

Three and Six, the government must establish beyond a reasonable

doubt the following elements of the crime of securities fraud:

1. First Element - Fraudulent Act

The first element that the government must prove

beyond a reasonable doubt is that, in connection with the

purchase or sale of a security in MSMB Capital for Count Three, and MSMB Healthcare for Count Six, Mr. Shkreli did one or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of any security.

To prove this element, it is not necessary for the government to establish all three types of unlawful conduct in connection with the sale or purchase of investments in MSMB Capital for Count Three, or MSMB Healthcare for Count Six. Any one will be sufficient for a conviction, if you so find, but you must be unanimous as to which type of unlawful conduct you find to have been proven beyond a reasonable doubt.

Let me now explain some of these terms.

- *Device, Scheme, or Artifice to Defraud*:  A device, scheme or artifice to defraud is a plan for the accomplishment of

34

a fraud. Fraud is a general term which embraces all efforts
and means that individuals devise to take advantage of
others. The law that the defendant is alleged to have
violated prohibits all kinds of manipulative and deceptive
acts. The fraudulent or deceitful conduct alleged need not
relate to the investment value of the securities involved
in this case.

- *False Statements and Omissions*:  A statement,
representation, claim, or document is false if it is untrue
when made and was then known to be untrue by the person
making it or causing it to be made. A representation or
statement is fraudulent if it was made with the intention
to deceive. False or fraudulent statements under the
statute may include the concealment of material facts in a
manner that makes what is said or represented deliberately
misleading.

    The deception need not be based upon spoken or
written words alone. The arrangement of the words, or the
circumstances in which they are used, may convey the false
and deceptive appearance. If there is deception, the manner
in which it is accomplished does not matter.

35

- *"In Connection With"*: You need not find that Mr. Shkreli
actually participated in any securities transaction if he
was engaged in fraudulent conduct that was "in connection
with" a purchase or sale of securities. The "in connection
with" aspect of this element is satisfied if you find that
there was some nexus or relation between the allegedly
fraudulent conduct and the sale or purchase of securities.
Fraudulent conduct may be "in connection with" the purchase
or sale of securities if you find that the alleged
fraudulent conduct "touched upon" a securities transaction.

It is no defense to an overall scheme to defraud
that the defendant may not have been involved in the scheme
from its inception or may have played only a minor role
with no contact with the investors and purchasers of the
securities in question.  Nor is it necessary for you to
find that the defendant was the actual seller or offeror of
the securities. It is sufficient if the defendant
participated in the scheme or fraudulent conduct that
involved the purchase or sale of securities. By the same
token, the government need not prove that the defendant
personally made the misrepresentation or that he omitted
the material fact. It is sufficient if the government

36

establishes that the defendant caused the statement to be
made or the fact to be omitted. With regard to the alleged
misrepresentations and omissions, you must determine
whether the statement was true or false when it was made,
and, in the case of alleged omissions, whether the omission
was misleading.

- *Material Fact*: If you find that the government has
established beyond a reasonable doubt that a statement was
false or omitted in connection with the purchase or sale of
any securities, you must next determine whether the fact
misstated or omitted was material under the circumstances.
"A misrepresentation is material under Section 10(b) of the
Securities Exchange Act and Rule 10b-5 where there is a
substantial likelihood that a reasonable investor would
find the misrepresentation important in making an
investment decision." If you find that there was a material
misrepresentation or omission of a material fact, it does
not matter whether the intended victims were gullible
buyers or sophisticated investors, because the securities
laws protect the gullible and unsophisticated as well as
the experienced investor.

37

Nor does it matter whether the alleged unlawful conduct was successful or not, or that the defendant profited or received any benefits as a result of the alleged scheme. Success is not an element of the crime charged. However, if you find that the defendant did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

If you find that the government has not proven this element beyond a reasonable doubt, you must find Mr. Shkreli not guilty. On the other hand, if you do find that the government has proven that a fraudulent act was committed by Mr. Shkreli, beyond a reasonable doubt, then you must consider the second element. You need not find that the government has proven each of the alleged fraudulent acts, but I remind you that you must reach a unanimous decision as to at least one fraudulent act.

2. <u>Second Element - Knowledge, Intent and Willfulness</u>

The second element that the government must establish as to Count Three for MSMB Capital and Count Six for MSMB Healthcare is that Mr. Shkreli acted knowingly, willfully and with intent to defraud.

38

As I explained before, a person acts "knowingly" if he acts purposely and voluntarily and not because of ignorance, mistake, accident, negligence, or carelessness.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding

39

<u>Jury Instructions</u>
<u>July 28, 2017 Court Ex. 5</u>

circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

I already have instructed you as to what circumstantial evidence is and the inferences that may be drawn from it. Those instructions also apply here. What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, in deciding whether Mr. Shkreli possessed or lacked an intent to defraud, you do not limit yourself to what Mr. Shkreli said, but you also look at what he did and what others did in relation to Mr. Shkreli and, in general, everything that occurred.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established by the government beyond a reasonable doubt.

Under the anti-fraud statutes, even false representations or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the

40

truth of the representations made by a defendant is a complete

defense, however inaccurate the statements may turn out to be.

In considering whether or not a defendant acted in

good faith, you are instructed that a belief by the defendant,

if such belief existed, that ultimately everything would work

out so that no investors would lose any money does not require a

finding by you that the defendant acted in good faith. No amount

of honest belief on the part of a defendant that the scheme

ultimately will make a profit for the investors will excuse

fraudulent actions or false representations by him.

As a practical matter, then, to prove the charge

against a defendant, the government must establish beyond a

reasonable doubt that the defendant knew that his conduct as a

participant in the scheme was calculated to deceive and,

nonetheless, he associated himself with the alleged fraudulent

scheme.

If you find that Mr. Shkreli did not act knowingly and

with the intent to deceive, then you must find the defendant not

guilty. On the other hand, if you find that the government has

established beyond a reasonable doubt not only the first

element, but also this second element, that Mr. Shkreli acted

knowingly and with the intent to deceive, then you must consider

41

the third element. I remind you that you must reach a unanimous
decision in connection with each element.

### 3. Third Element - Instrumentality of Interstate Commerce

The third and final element that the government must
prove beyond a reasonable doubt as to Count Three for MSMB
Capital and Count Six for MSMB Healthcare is that Mr. Shkreli
knowingly used, or caused to be used, the mails or any means or
instrumentalities of transportation or communication in
interstate commerce in furtherance of the scheme to defraud.
This would include the use of a telephone, a bank wire transfer
or an email sent over the Internet that traveled across state
lines.

It is not necessary that a defendant be directly or
personally involved in any mailing, wire, or use of an
instrumentality of interstate commerce. If the defendant was an
active participant in the scheme and took steps or engaged in
conduct which he knew or reasonably could foresee would
naturally and probably result in the use of interstate means of
communication, then you may find that he caused the mails or an
instrumentality of interstate commerce to be used.

42

When one does an act with the knowledge that the use
of interstate means of communication will follow in the ordinary
course of business, or where such use reasonably can be
foreseen, even though not actually intended, then he causes such
means to be used.

It is not necessary that the items sent through
interstate means of communication contain the fraudulent
material, or anything criminal or objectionable. The interstate
means of communication may be entirely innocent.

The use of interstate communications need not be
central to the execution of the scheme, and may even be
incidental to it. All that is required is that the use of the
interstate communications bear some relation to the object of
the scheme or fraudulent conduct. In fact, the actual offer or
sale need not be accomplished by the use of interstate
communications, so long as the defendant is still engaged in
actions that are a part of the fraudulent scheme when interstate
communications are used.

D.   **Securities Fraud Venue**

I have explained to you the elements the government
must prove beyond a reasonable doubt as to the securities fraud
charged in Counts Three and Six. The government must also prove

43

venue. Unlike the elements I just explained to you that the
government must prove beyond a reasonable doubt, the government
must prove venue by a preponderance of the evidence. To
establish a fact by a preponderance of the evidence means to
prove that the fact is more likely true than not. A
preponderance of the evidence means the greater weight of the
evidence, both direct and circumstantial. It refers to the
quality and persuasiveness of the evidence, not to the quantity
of evidence.

> To establish venue for securities fraud as charged in
Counts Three and Six, the government must prove that it is more
likely than not that: (1) the defendant intentionally and
knowingly caused an act or transaction constituting a securities
fraud to occur, at least in part, in the Eastern District of New
York, which consists of the Counties of Kings (also known as
Brooklyn), Queens, Richmond (also known as Staten Island),
Nassau, and Suffolk, or (2) it was foreseeable that such an act
or transaction would occur in the Eastern District of New York,
and it did. The government need not prove that the defendant
personally was present in the Eastern District of New York. It
is sufficient to satisfy the venue requirement if the defendant
intentionally and knowingly caused an act or transaction

44

constituting a securities fraud to occur, at least in part, within the Eastern District of New York.

The government also must prove that the act or transaction must be a part of the actual crime of securities fraud and not merely a step taken in preparation for the commission of the crime.

Therefore, if you find that it is more likely than not that an act or transaction in furtherance of the securities fraud took place in the Eastern District of New York, the government has satisfied its burden of proof as to venue as to Count Three.

Again, I caution you that the preponderance of the evidence standard applies only to venue. The government must prove each of the elements of securities fraud in Counts Three and Six beyond a reasonable doubt.

* * * * *

In sum, if you find that the government has failed to prove any one of the elements for either Count Three for MSMB Capital or Count Six for MSMB Healthcare beyond a reasonable doubt, then you must find Mr. Shkreli not guilty of securities fraud for that count. To find Mr. Shkreli guilty of securities fraud as charged in Count Three or Count Six, you must find that

45

the government has proven, beyond a reasonable doubt, each

element of the securities fraud charged in Count Three for MSMB

Capital or Count Six for MSMB Healthcare, and also that the

government has established venue for that count by a

preponderance of the evidence.

### COUNTS ONE AND FOUR: Conspiracy to Commit Securities Fraud

I will next instruct you on the securities fraud

conspiracy charges. Count One of the Superseding Indictment

charges Mr. Shkreli with conspiracy to commit securities fraud

with respect to MSMB Capital, and Count Four charges him with

conspiring to commit securities fraud with respect to MSMB

Healthcare.

Count One of the Superseding Indictment charges Mr.

Shkreli with conspiracy to commit securities fraud in connection

with **MSMB Capital** as follows:

> In or about and between September 2009 and September
> 2014, both dates being approximate and inclusive,
> within the Eastern District of New York and elsewhere,
> the defendant MARTIN SHKRELI, together with others,
> did knowing and willfully conspire to use and employ
> manipulative and deceptive devices and contrivances,
> contrary to Rule 10b-5 of the Rules and Regulations of
> the United States Securities and Exchange Commission,
> Title 17, Code of Federal Regulations, Section
> 240.10b-5, by : (a) employing devices, schemes and
> artifices to defraud; (b) making untrue statements of
> material fact and omitting to state material facts
> necessary in order to make the statements made, in

light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in MSMB Capital, in connection with the purchase and sale of investments in MSMB Capital, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, committed and caused to be committed, among others, the following overt acts:

a. On or about October 24, 2009, Marek Biestek sent an email to Steven Richardson, copying SHKRELI and enclosing the "MSMB Capital Investor Kit," which included a presentation and a private placement memorandum.

c. On or about June 9, 2010, SHKRELI sent an email to Darren Blanton, attaching MSMB Capital documents, and stated, in part: "The fund is a 1/20 fee structure with no lock-ups. . . . we have a daily results email some people like to see . . . hedge fund performance should be easy enough to report/calculate estimates on a daily basis, and it is. . . . I'd love to have you as an investor – it looks like we see eye-to-eye on a number of topics."

d. On or about October 6, 2010, SHKRELI sent an email to the Capital Limited Partners, including Steven Richardson, and attached a letter entitled "MSMB Capital Management Limited Partnership Letter for Q3 2010." In the letter, SHKRELI stated, in part, that the "partnership performed well, returning 9% in Q3 2010" and that brought the "gross year-to-date return to 44%."

47

e. On or about December 2, 2010, SHKRELI sent an email to Darren Blanton, and stated, in part, that MSMB Capital's current assets under management were $35 million, its auditor was Rothstein Kass, and its administrator was NAV Consulting.

f. On or about January 3, 2011, SHKRELI sent an email to the Capital Limited Partners, including Steven Richardson, and stated that MSMB Capital had "returned +30.44% in 2010" and "+30.97% since inception on 11/1/2009."

g. On or about February 2, 2011, SHKRELI sent an email to Marek Biestek and an employee and attached a spreadsheet detailing MSMB Capital's OREX trading.

h. On or about February 9, 2011, SHKRELI sent an email to the Capital Limited Partners, including Darren Blanton and Steven Richardson, and stated that MSMB Capital had "returned +3.80% gross of fees year-to-date" and "+35.95% since inception on 11/1/2009."

i. On or about November 17, 2011, Darren Blanton sent a letter to SHKRELI providing written notice of a request for a full withdrawal of his investment in MSMB Capital based on the fund's net asset value as of November 30, 2011.

j. On or about January 25, 2012, SHKRELI sent an email to Darren Blanton, copying others, and stated, in part: "You invested $1,250,000 for the 12/31/2010 period. The value of this investment is now approximately $1,318,872, net of fees . . . We acknowledge your redemption and this will be your last statement."

k. On or about September 10, 2012, SHKRELI sent an email to the Capital Limited Partners, including Steven Richardson, and stated, in part: "I have decided to wind down our hedge fund partnerships with a goal of completing the liquidation of the funds by November or December 1st, 2012. . . . Original MSMB investors (2009) have just about doubled their money

net of fees. . . . investors will have their limited
partnership interests redeemed by the fund for cash.
Alternatively, investors may ask for a redemption of
Retrophin shares, or a combination of Retrophin shares
and cash."

Count Four of the Superseding Indictment charges Mr.

Shkreli with conspiracy to commit securities fraud in connection

with **MSMB Healthcare** as follows:

In or about and between February 2011 and September
2014, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere,
the defendant MARTIN SHKRELI, together with others,
did knowingly and willfully conspire to use and employ
manipulative and deceptive devices and contrivances,
contrary to Rule 10b-5 of the Rules and Regulations of
the United States Securities and Exchange Commission,
Title 17, Code of Federal Regulations, Section
240.10b-5, by: (a) employing devices, schemes and
artifices to defraud; (b) making untrue statements of
material fact and omitting to state material facts
necessary in order to make the statements made, in
light of the circumstances under which they were made,
not misleading; and (c) engaging in acts, practices
and courses of business which would and did operate as
a fraud and deceit upon investors and potential
investors in MSMB Healthcare, in connection with the
purchase and sale of investments in MSMB Healthcare,
directly and indirectly, by use of means and
instrumentalities of interstate commerce and the
mails, contrary to Title 15, United States Code,
Sections 78j(b) and 78ff.

In furtherance of the conspiracy and to effect its
objects, within the Eastern District of New York and
elsewhere, the defendant MARTIN SHKRELI, together with
others, committed and caused to be committed, among
others, the following overt acts:

a. On or about December 16, 2011, SHKRELI sent an email to Kevin Mulleady and stated that MSMB Healthcare had $45 million in assets under management, and $80 million in assets under management if the full value of Retrophin was taken into account.

b. On or about April 18, 2012, SHKRELI sent an email to Kevin Mulleady, and stated that MSMB Healthcare had $55 million in assets under management.

c. On or about April 19, 2012, in response to an inquiry by a potential sophisticated investor about how MSMB Healthcare could pay employee salaries with a modest asset base of $55 million, SHKRELI stated: "Lots of ways – many of us have zero salaries or low salaries. We have some expenses the fund pays for and yet other deferments that are creative. Will tell more when we meet!"

d. On or about September 10, 2012, SHKRELI sent an email to the Healthcare Limited Partners, including Alan Geller, and stated, in part: "I have decided to wind down our hedge fund partnerships with a goal of completing the liquidation of the funds by November or December 1st, 2012. . . . Original MSMB investors (2009) have just about doubled their money net of fees. . . . investors will have their limited partnership interests redeemed by the fund for cash. Alternatively, investors may ask for a redemption of Retrophin shares, or a combination of Retrophin shares and cash."

I have already explained to you the crime of securities fraud. To find that Mr. Shkreli is guilty of Count One, you must find that the Mr. Shkreli conspired to commit securities fraud as to MSMB Capital.  To find Mr. Shkreli guilty

50

of Count Four you must find that Mr. Shkreli conspired to commit
securities fraud as to MSMB Healthcare.

For Counts One and Four, the government need not prove
that Mr. Shkreli actually committed securities fraud, the
unlawful acts charged as the objects of the conspiracy in Counts
One and Four. However, you must find, beyond a reasonable doubt,
that Mr. Shkreli conspired with one or more individuals to
commit securities fraud.

A.    **Conspiracy**

I will now instruct you on conspiracy. The relevant
portion of the conspiracy statute, Title 18, United States Code,
Section 371, provides, in relevant part that it shall be
unlawful for "two or more persons [to] conspire either to commit
any offense against the United States, or to defraud the United
States, or any agency thereof in any manner or for any purpose,
and one or more of such persons do any act to effect the object
of the conspiracy[.]"

A conspiracy is a kind of criminal partnership, at the
heart of which is an agreement or understanding by two or more
persons to violate other laws. A conspiracy to commit a crime is
an entirely separate and different offense from the underlying
crime that the conspirators intended to commit. Thus, if a

51

conspiracy exists, it is still punishable as a crime, even if it should fail to achieve its purpose. A defendant may be found guilty of conspiracy even if he was incapable of committing the substantive crime. Consequently, for a defendant to be guilty of conspiracy, there is no need for the government to prove that he or any other conspirator actually succeeded in their criminal goals or even that they could have succeeded.

To prove the crime of conspiracy to commit securities fraud, the government must prove four elements beyond a reasonable doubt:

First, that two or more persons entered into an agreement to commit securities fraud, as I have defined the crime of securities fraud on page 32;

Second, that the defendant knowingly and intentionally became a member of the conspiracy; and

Third, that one of the members of the conspiracy committed at least one of the overt acts charged in the Superseding Indictment; and

Fourth, that at least one overt act was in furtherance of some object or purpose of the conspiracy as charged in the Superseding Indictment.

52

1. First Element: Existence of the Agreement

The first element that the government must prove beyond a reasonable doubt for Counts One and Four is that two or more persons entered into the charged agreement to commit securities fraud. One person cannot commit a conspiracy alone. Rather, the proof must convince you that at least two persons joined together in a common criminal scheme. The government need not prove that members of the conspiracy met together or entered into any express or formal agreement. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or the means by which the scheme was to be accomplished. It is sufficient to show that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common design.

You may, of course, find that the existence of an agreement between two or more persons to violate the law has been established by direct proof. But since, by its very nature, a conspiracy is characterized by secrecy, direct proof may not be available. Therefore, you may infer the existence of a conspiracy from the circumstances of this case and the conduct of the parties involved. In a very real sense, then, in the

53

context of conspiracy cases, actions often speak louder than words. In determining whether an agreement existed here, you may consider the actions and statements of all those you find to be participants in the conspiracy as proof that a common design existed to act together for the accomplishment of the unlawful purpose stated in the Superseding Indictment.

2. Second Element: Membership in the Conspiracy

The second element the government must prove beyond a reasonable doubt for Counts One and Four is that the defendant knowingly and intentionally became a member in the charged conspiracy. I have explained to you what it means to act knowingly and intentionally. A person acts knowingly and intentionally if he acts voluntarily, deliberately, and purposefully, and not because of ignorance, mistake, accident, negligence or carelessness. In other words, did the defendant participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective? Knowledge and intent may be inferred from a secretive or irregular manner in which activities are carried out. Whether a defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

<u>**Jury Instructions**</u>
<u>**July 28, 2017 Court Ex. 5**</u>

In order for a defendant to be deemed a member of a conspiracy, he need not have had a stake in the venture or its outcome. While proof of a financial or other interest in the outcome of a scheme is not essential, if you find that a defendant did have such an interest, it is a factor you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the Superseding Indictment.

A defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

A defendant's knowledge may be inferred from the facts proved. In that connection, I instruct you that, to become a member of the conspiracy, a defendant need not have been apprised of all of the activities of all members of the conspiracy. Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. In addition, a defendant need not have joined in all of the conspiracy's unlawful objectives.

55

In considering whether a defendant participated in a conspiracy, be advised that a conspirator's liability is not measured by the extent or duration of his participation as he need not have been a member of the conspiracy for the entire time of its existence. In addition, each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant within the ambit of the conspiracy. The key inquiry is simply whether a defendant joined the conspiracy charged with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.

I caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is required is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention

56

of aiding in the accomplishment of those unlawful ends. In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.

### 3. Third Element: Overt Acts

The government must prove that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Superseding Indictment, as I read them before.

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the Superseding Indictment be proven or that the overt act was committed at precisely the time alleged in the Superseding Indictment. It is sufficient if you are convinced beyond a reasonable doubt that the overt act occurred at or about the time and place stated. Similarly, you need not find that the defendant himself committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since, in the eyes of the law, such an act becomes the act of all of the members of the conspiracy.

57

4. Fourth Element: In Furtherance of Some Objective of
   the Conspiracy

If you find that overt act or acts were committed, the
government must prove beyond a reasonable doubt that the overt
act or acts were done specifically to further some objective of
the conspiracy.

In order for the government to satisfy this element,
it must prove, beyond a reasonable doubt, that at least one
overt act was knowingly and willfully done, by at least one
conspirator, in furtherance of some object or purpose of the
conspiracy as charged in the Superseding Indictment. In this
regard, you should bear in mind that the overt act, standing
alone, may be an innocent, lawful act. Frequently, however, an
apparently innocent act sheds its harmless character if it is a
step in carrying out, promoting, aiding or assisting the
conspiratorial scheme. Therefore, you are instructed that the
overt act does not have to be an act which, in and of itself, is
criminal or constitutes an objective of the conspiracy.

In sum, in order to prove that Mr. Shkreli is guilty
of Counts One and Four, the government must prove, beyond a
reasonable doubt: 1) that Mr. Shkreli entered into an agreement
with one or more individuals to commit securities fraud; 2) that

Mr. Shkreli knowingly and intentionally joined the conspiracy;

3) that at least one of the overt acts alleged in the

Superseding Indictment was committed by at least one member of

the conspiracy; and 4) that the overt act was committed

specifically to further some objective of the conspiracy.

If you find that the government has not proven any one

of these elements, then you must find Mr. Shkreli not guilty of

Counts One and Four.

B.   **Venue**

I have explained to you the elements the government

must prove beyond a reasonable doubt as to Counts One and Four.

The government also must prove venue.  As I explained to you

earlier, the government must prove venue only by a preponderance

of the evidence.  I remind you that to establish a fact by a

preponderance of the evidence means to prove that the fact is

more likely true than not.

I have already explained venue for the securities

fraud counts charged in Counts Three and Six.  To establish

venue for conspiracy to commit securities fraud as charged in

Counts One, Four and Eight or conspiracy to commit wire fraud as

charged in Counts Two, Five and Seven, the government must prove

that it is more likely than not that an overt act in furtherance

of the conspiracy was committed in the Eastern District of New
York, which consists of the Counties of Kings (also known as
Brooklyn), Queens, Richmond (also known as Staten Island),
Nassau, and Suffolk. The overt act does not have to be an overt
act that is charged in the Superseding Indictment in furtherance
of the conspiracy. In this regard, the government need not prove
that the crime charged was committed in the Eastern District of
New York or that Mr. Shkreli or any alleged co-conspirator was
even physically present here.  It is sufficient to satisfy the
venue requirement if an overt act in furtherance of the
conspiracy occurred within the Eastern District of New York.
This includes not just acts by Mr. Shkreli or his co-
conspirators, but also acts that the conspirators caused others
to take that materially furthered the ends of the conspiracy.

Therefore, if you find that it is more likely than not
that an overt act in furtherance of the conspiracy took place in
the Eastern District of New York, the government has satisfied
its burden of proof as to venue as to Counts One, Two, Four,
Five, Seven and Eight.  Again, I caution you that the
preponderance of the evidence standard applies only to venue.
The government must prove each of the elements of all the counts
beyond a reasonable doubt.

60

\* \* \* \* \*

In sum, if you find that the government has failed to prove any one of the elements for either Count One for MSMB Capital or Count Four for MSMB Healthcare, beyond a reasonable doubt, then you must find Mr. Shkreli not guilty of securities fraud conspiracy for that count.  To find Mr. Shkreli guilty of conspiring to commit securities fraud as charged in Count One or Count Four, you must find that the government has proven, beyond a reasonable doubt, each element of the conspiracy to commit securities fraud in Count One for MSMB Capital or Count Four for MSMB Healthcare, and that the government has also established venue for that count by a preponderance of the evidence.

**COUNTS TWO AND FIVE: Conspiracy to Commit Wire Fraud**

I will now instruct you on the wire fraud conspiracy charges. Count Two of the Superseding Indictment charges Mr. Shkreli with conspiracy to commit wire fraud as to MSMB Capital, and Count Five charges him with conspiracy to commit wire fraud as to MSMB Healthcare.

Count Two of the Superseding Indictment charges Mr. Shkreli with conspiracy to commit wire fraud in connection with MSMB Capital as follows:

61

In or about and between September 2009 and September
2014, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere,
the defendant MARTIN SHKRELI, together with others,
did knowingly and intentionally conspire to devise a
scheme and artifice to defraud investors and potential
investors in MSMB Capital, and to obtain money and
property from them by means of materially false and
fraudulent pretenses, representations and promises,
and for the purpose of executing such scheme and
artifice, to transmit and cause to be transmitted by
means of wire communication in interstate and foreign
commerce writings, signs, signals, pictures and
sounds, contrary to Title 18, United States Code,
Section 1343.

Count Five of the Superseding Indictment charges Mr.

Shkreli with conspiracy to commit wire fraud in connection with

MSMB Healthcare as follows:

In or about and between February 2011 and September
2014, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere,
the defendant MARTIN SHKRELI, together with others,
did knowingly and intentionally conspire to devise a
scheme and artifice to defraud investors and potential
investors in MSMB Healthcare, and to obtain money and
property from them by means of materially false and
fraudulent pretenses, representations and promises,
and for the purpose of executing such scheme and
artifice, to transmit and cause to be transmitted by
means of wire communication in interstate and foreign
commerce writings, signs, signals, pictures and
sounds, contrary to Title 18, United States Code,
Section 1343.

A.    **Conspiracy to Commit Wire Fraud**

I have already explained what it means to conspire to

commit an offense. As a reminder, the government need not prove

that Mr. Shkreli actually committed the unlawful acts charged as the object of the conspiracy in Counts Two and Five, that is, wire fraud. Rather, the government must prove each one of the following two elements beyond a reasonable doubt:

First, that two or more persons entered into an agreement to commit wire fraud; and

Second, that Mr. Shkreli knowingly and intentionally became a member of the conspiracy.

The overt act elements on which I instructed you with respect to Counts One and Four, which charge conspiracy to commit securities fraud, do not apply to Counts Two and Five, which charge conspiracy to commit wire fraud.

B.   **Wire Fraud: Definition and Elements**

I will now define wire fraud, which is alleged to be the object of the conspiracy charged in Count Two involving MSMB Capital, and Count Five involving MSMB Healthcare. The relevant statute regarding wire fraud is Section 1343 of Title 18 of the United States Code, which provides that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the

purpose of executing such scheme or artifice, shall be [guilty of a crime].

The elements of wire fraud are:

First, that there was a scheme or artifice to defraud or to obtain money or property by false and fraudulent pretenses, representations or promises, as alleged in the Superseding Indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant used or caused the use of interstate wires.

1. First Element – Existence of a Scheme or Artifice to Defraud

The first element of wire fraud is that there was a scheme or artifice to defraud investors and potential investors in MSMB Capital as to Count Two, and MSMB Healthcare as to Count Five, and to obtain money or property from them by means of false or fraudulent pretenses, representations or promises.

A "scheme or artifice" is simply a plan for the accomplishment of an objective. "Fraud" is a general term which embraces all the various means that an individual can devise and

64

that are used by an individual to gain an advantage over another
by false representations, suggestions, suppression or omission
of the truth, or deliberate disregard for the truth.

A "scheme or artifice to defraud" for the purposes of
the wire fraud statute is any plan, device, or course of action
designed to obtain money or property by means of false
representations. Thus, a "scheme to defraud" is a plan to
deprive another of money or property by trick, deceit, deception
or swindle, or overreaching.  The schemes to defraud giving rise
to the wire fraud conspiracy charged in Counts Two and Five are
alleged to have been carried out by making false
representations.  A statement, representation, claim, or
document is false if it is untrue when made and was known at the
time to be untrue by the person making it or causing it to be
made.  A representation or statement is fraudulent if it was
falsely made with the intention to deceive.

Deceitful statements of half-truths or the concealment
or omission of material facts, and the expression of an opinion
not honestly entertained may constitute false or fraudulent
representations under the statute.  The fraudulent
representation must relate to a material fact or matter. A
material fact in the context of wire fraud is one that

65

reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

The deception need not be premised upon spoken or written words alone. The arrangement of words, or the circumstances in which they are used may convey a false and deceptive appearance.  If there is intentional deception, the manner in which it is accomplished does not matter.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.

It is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

2. Second Element – Participation in Scheme with Intent

The second element of wire fraud is that the defendant participated in the scheme to defraud knowingly, willfully and with the specific intent to defraud.

I already instructed you as to the meaning of "knowingly" and "willfully." I refer you to those instructions

66

as they apply here also. For the purposes of the wire fraud statute, an "intent to defraud" means to act knowingly and with specific intent to deceive for the purpose of causing some financial or property loss to another.

I will remind you, however, that the question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves the defendant's state of mind. As I said before, direct proof of knowledge and fraudulent intent is not necessary. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his or her words, his or her conduct, his or her acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them. Circumstantial evidence, if believed, is of no less value than direct evidence.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An

67

honest belief in the truth of the representations made by a
defendant is a complete defense, however inaccurate the
statements may turn out to be.  A defendant, however, has no
burden to establish a defense of good faith.

There is another consideration to bear in mind in deciding
whether or not the defendant acted in good faith. You are
instructed that if the defendant conspired to commit wire fraud,
then a belief by the defendant, if such a belief existed, that
ultimately everything would work out so that no one would lose
any money does not require you to find that the defendant acted
in good faith. No amount of honest belief on the part of the
defendant that the scheme would, for example, ultimately make a
profit for investors, will excuse fraudulent actions or false
representations caused by him to obtain money or property.  I
reiterate, however, that an "intent to defraud" for the purposes
of the wire fraud statute means to act knowingly and with
specific intent to deceive for the purpose of causing financial
loss or property loss to another.  As a practical matter, then,
you may find intent to defraud if the defendant knew that his
conduct as a participant in the scheme was calculated to deceive
and, nonetheless, he associated himself with the alleged
fraudulent scheme for the purpose of causing loss to another.

### 3. Third Element – Use of the Wires

The third and final element of wire fraud is the use of an interstate or international wire communication in furtherance of the scheme to defraud. The wire communication must pass between two or more states, or it must pass between the United States and a foreign country. A wire communication includes a wire transfer of funds between banks in different states, telephone calls, emails and facsimiles between two different states.

The item sent through the wires need not itself contain a fraudulent representation. However, it must further or assist in the carrying out of the scheme to defraud. It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

I remind you that the government need not prove that Mr. Shkreli actually committed wire fraud, the unlawful act charged as the object of the conspiracy in Counts Two and Five. Rather, what the government must prove beyond a reasonable doubt is that the purpose of the conspiracy was to commit wire fraud,

69

and that the defendant knowingly and intentionally joined that conspiracy.

C.   **Venue**

I have previously instructed you on venue for conspiracy counts. Those instructions apply here.

\* \* \* \* \*

In sum, if you find that the government has failed to prove either of the elements of conspiracy for either Count Two for MSMB Capital or Count Five for MSMB Healthcare, beyond a reasonable doubt, then you must find Mr. Shkreli not guilty of wire fraud conspiracy for that count. To find Mr. Shkreli guilty of conspiracy to commit wire fraud as charged in Count Two or Count Five, you must find that the government has proven, beyond a reasonable doubt, both elements of conspiracy as charged in Count Two for MSMB Capital or Count Five for MSMB Healthcare, and that the government has also established venue on that count by a preponderance of the evidence.

## COUNT SEVEN

Count Seven of the Superseding Indictment charges Mr. Shkreli with wire fraud conspiracy in connection with **Retrophin** as follows:

70

In or about and between February 2011 and September
2014, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere,
the defendant MARTIN SHKRELI, together with others,
did knowingly and intentionally conspire to devise a
scheme and artifice to defraud Retrophin, and to
obtain money and property from Retrophin by means of
materially false and fraudulent pretenses,
representations and promises, and for the purpose of
executing such scheme and artifice, to transmit and
cause to be transmitted by means of wire communication
in interstate and foreign commerce writings, signs,
signals, pictures and sounds, contrary to Title 18,
United States Code, Section 1343.

A.  **Conspiracy to Commit Wire Fraud**

I have already explained what it means to conspire to
commit an offense. Those same instructions apply to Count Seven.
I further remind you that the government need not prove that Mr.
Shkreli actually committed wire fraud, the unlawful act charged
as the object of the conspiracy in Count Seven. Rather, the
government must prove each one of the following two elements
beyond a reasonable doubt:

First, that two or more persons entered into an
agreement to commit wire fraud; and

Second, that the defendant knowingly and intentionally
became a member of the conspiracy.

71

B.   **Wire Fraud**

I have already instructed you on the elements of wire fraud. Those same instructions apply to Count Seven. As a reminder, as I instructed you on page 63, the elements of wire fraud are:

First, that there was a scheme or artifice to defraud or to obtain money or property by false and fraudulent pretenses, representations or promises, as alleged in the Superseding Indictment. A fraudulent representation may include the failure to disclose material information if the defendant was under a legal, professional or contractual duty to make such a disclosure. You have heard testimony regarding the fiduciary duties of corporate officers and directors. One such duty, the duty of loyalty, mandates that the best interest of the corporation and its shareholders takes precedence over any interest possessed by a director or officer, and not shared by the stockholders generally.  However, in order for a failure to disclose material information to constitute a fraudulent representation for purposes of the wire fraud statute, the defendant must have actually known such disclosure was required to be made, and must have failed to make such disclosure with the intent to defraud.

72

<u>Second</u>, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

<u>Third</u>, that in the execution of that scheme, the defendant used or caused the use of interstate wires.

Specifically, as to Count Seven, the government alleges that Mr. Shkreli, together with others, conspired to defraud Retrophin by causing it to: (i) transfer Retrophin shares to MSMB Capital even though MSMB Capital never invested in Retrophin; (ii) enter into settlement agreements with defrauded MSMB Capital and MSMB Healthcare investors to settle liabilities owed by the MSMB Funds and SHKRELI; and (iii) enter into a sham consulting agreement with a defrauded MSMB Capital or Elea Capital investor as an alternative means to settle liabilities owed by the MSMB Funds and SHKRELI. You can find Mr. Shkreli guilty of Count Seven only if the government has proven both elements of the conspiracy beyond a reasonable doubt as to one of the above means specified in (i), (ii), or (iii), or as to any one of the settlement and consulting agreements, but you must be unanimous as to that finding.

73

C.   **Venue**

I have previously instructed you on venue for wire fraud conspiracy. Those instructions apply here.

## COUNT EIGHT

Count Eight of the Superseding Indictment charges Mr. Shkreli with conspiracy to commit securities fraud in connection with **Retrophin** as follows:

> In or about and between November 2012 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowingly and willfully conspire to use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in Retrophin, in connection with the purchase and sale of securities of Retrophin, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.
>
> In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, committed and caused to be committed, among others, the following overt acts:

74

a. On or about December 12, 2012, Evan Greebel sent an email to Marek Biestek, attaching six stock purchase agreements, and stated, in part, "attached are purchase agreements for the acquisition of the [unrestricted] stock. . . .  Please ask each person to sign the last page and return it to me."

b. On or about December 13, 2012, Evan Greebel sent an email to Marek Biestek and another one of the seven employees and contractors who received unrestricted or free trading shares, and stated, in part, "Please send me an email confirming the following: I represent that I am not an officer, a director, or holder of 10% or more of the outstanding equity securities of Desert Gateway and do not, alone or together with any other person, exercise control over Desert Gateway."

c. On or about December 17, 2012, SHKRELI sent an email to all employees, copying six of the seven employees and contractors who received unrestricted and free trading shares, and stated that Retrophin now had four employees and that everyone else, including the employees and contractors who received the unrestricted or free trading shares, were no longer employees or consultants to Retrophin or MSMB even though they could continue using Retrophin's office space as a courtesy.  SHKRELI then forwarded this email to Evan Greebel.

d. On or about December 20, 2012, Evan Greebel sent an email to SHKRELI, attaching a Schedule 13D, and stated, "Attached is a draft of the 13D. We should discuss."

e. On or about December 20, SHKRELI filed a Schedule 13D with the SEC that failed to disclose his control over any of the unrestricted or free trading shares.

f. On or about January 2, 2013, SHKRELI sent an email to Evan Greebel requesting Evan Greebel's thoughts on a draft email that SHKRELI wanted to send to one of the seven employees and consultants who received unrestricted or free trading shares and who was selling his RTRX stock. In the draft email, SHKRELI

stated, in part, "I have decided to commence litigation against you for failing to honor the agreement we made in our office on December 10th. You agreed to work for MSMB . . . Instead you have failed to come to the office and will not even return my telephone calls." Less than thirty minutes later, Evan Greebel replied to SHKRELI, and stated, "Very risky given what you[r] agreement was – could be opening a much bigger can of worms."

g. On or about February 19, 2013, SHKRELI filed an amended Schedule 13D with the SEC that failed to disclose his control over any of the unrestricted or free trading shares.

h. On or about March 8, 2013, Evan Greebel sent an email to SHKRELI, and stated, "[Michael Fearnow] and the 'purchasers' are signing an amendment to their purchase agreement and in the amendment the 'purchaser' is directing [Michael Fearnow] to have the stock delivered to the designated people."

i. On or about April 10, 2013, Evan Greebel sent an email to Michael Fearnow and SHKRELI, and stated, in part, "The 50k [unrestricted or free trading] shares that were owed to [Marek Biestek] should be broken down as follows . . . ."

j. On or about May 9, 2013, in response to an email from Evan Greebel requesting the source of unrestricted or free trading shares to settle a dispute with a defrauded MSMB Healthcare investor, SHKRELI stated, "Take from anyone – I don't care – do the math?"

A.  **Conspiracy**

Again, I already instructed you on conspiracy generally (see page 51). Those same instructions apply here. As a reminder, the government need not prove that Mr. Shkreli actually committed securities fraud, the unlawful acts charged

76

as the objects of the conspiracy in Count Eight. Rather, the government must prove, beyond a reasonable doubt, the following:

First, that two or more persons entered into an agreement to commit securities fraud;

Second, that the defendant knowingly and intentionally became a member of the conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Superseding Indictment; and

Fourth, that the overt act or acts that you find were committed were done specifically to further some objective of the securities fraud conspiracy.

B.   **Securities Fraud**

I have already instructed you on the elements of securities fraud at page 32 of these instructions. As a reminder, the elements of securities fraud are:

First, in connection with the purchase or sale of a security, MARTIN SHKRELI did one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the

77

statements made, in the light of the circumstances under which

they were made, not misleading, or

(3) engaged in an act, practice, or course of business

that operated, or would operate, as a fraud or deceit upon a

purchaser or seller.

Second, to act willfully, knowingly and with the

intent to defraud,

Third, to knowingly use, or caused to be used, any

means or instrumentalities of transportation or communication in

interstate commerce or the use of the mails in furtherance of

the fraudulent conduct.  Any conduct that is designed to deceive

or defraud investors by controlling or artificially affecting

the price of securities is prohibited.  An essential element of

manipulation of securities is the deception of investors into

believing that the prices at which they purchase and sell

securities are determined by the natural interplay of supply and

demand.

You have also heard the parties use the term

"affiliate."  An "affiliate" of an issuer under the law means a

person that directly, or indirectly through one or more

intermediaries controls, or is controlled by, or is under

78

<u>**Jury Instructions**</u>
<u>**July 28, 2017 Court Ex. 5**</u>

common control with, such issuer. Whether a person is an

affiliate of Retrophin is a question of fact for the jury.

C.    **Venue**

I have previously instructed you on venue for

securities fraud conspiracy. Those instructions apply here.

III.   <u>**Defenses**</u>

1.    <u>**Good Faith**</u>

Good faith is a complete defense to the charges in

this case.  If the defendant believed in good faith that he was

acting properly, even if he was mistaken in that belief, and

even if others were injured by his conduct, there would be no

crime.

If you believe that Mr. Shkreli believed in the truth

of the representations that he made, then it does not make any

difference if the representations were untrue.  The burden of

establishing lack of good faith and criminal intent rests on the

government. A defendant is under no burden to prove his good

faith; rather, the government must prove bad faith or knowledge

of falsity beyond a reasonable doubt.

As a reminder, I instruct you that when considering

the defense of good faith, you consider it in conjunction with

my instructions on pages 41 and 68, regarding the defendant's

79

belief, if such belief existed, that ultimately everything would
work out so that no one would lose money.

2.   **Reliance on Counsel**

You have heard evidence that, with regard to Counts
Seven and Eight, Mr. Shkreli received advice from a lawyer, and
you may consider that evidence in deciding whether Mr. Shkreli
acted willfully and with knowledge, and with fraudulent intent.

The mere fact that Mr. Shkreli may have received legal
advice does not, in itself, necessarily constitute a complete
defense. Instead, you must consider whether:

(1) Mr. Shkreli honestly and in good faith sought the
advice of a competent lawyer as to what he may
lawfully do;

(2) whether he fully and honestly laid all the facts
before his lawyer; and

(3) whether in good faith he honestly followed such
advice, relying on it and believing it to be correct.

In short you should consider whether, in seeking and
obtaining advice from a lawyer, Mr. Shkreli intended that his
acts shall be lawful. If he did so, it is the law that a
defendant cannot be convicted of a crime that involves willful

and unlawful intent, even if such advice was an inaccurate
construction of the law.

On the other hand, a defendant cannot willfully and
knowingly violate the law and excuse himself from the
consequences of his conduct by arguing that he followed the
advice of his lawyer.

Whether Mr. Shkreli acted in good faith for the
purpose of seeking guidance as to the specific acts in this
case, whether he made a full and complete report to his lawyer,
and whether he acted substantially in accordance with the advice
received, are questions for you to determine.

### IV.  CLOSING INSTRUCTIONS

I have now outlined for you the rules of law
applicable to the charges in this case and the processes by
which you should weigh the evidence and determine the facts.  In
a few minutes, you will retire to the jury room for your
deliberations.

### 1.  Selection of a Foreperson

When you retire, you will choose one member of the
jury as your foreperson.  That person will preside over the
deliberations and speak for you here in open court.  In order
for your deliberations to proceed in an orderly fashion, you

must have a foreperson, but of course, his or her opinion or vote are not entitled to any greater weight than that of any other juror.

## 2.   __Verdict & Deliberations__

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If the government succeeds, your verdict should be guilty as to the count; if it fails, your verdict should be not guilty as to the count. To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, based solely upon such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the views of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence — if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears erroneous. However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

As you deliberate, your function is to weigh the evidence in the case and to determine whether the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you may not consider any consequences, including the punishment that may be imposed upon a defendant, if he is convicted, to influence your verdict, or in any way enter into your deliberations.  The duty of imposing punishment rests exclusively with the court.

In addition, during your deliberations, you must not communicate with or provide any information to anyone by any

83

means about this case.  You may not use any electronic device or
media, such as the telephone, a cell phone, smart phone, iPhone,
Blackberry or computer, the internet, any internet service, any
text or instant messaging service, any internet chat room, blog,
or website such as Facebook, MySpace, Instagram, LinkedIn,
YouTube, or Twitter, to communicate to anyone any information
about this case or to conduct any research about this case.  In
other words, you cannot talk to anyone on the phone, correspond
with anyone, or electronically communicate with anyone about
this case, except with your fellow jurors in the jury room
during deliberations.

          Along the same lines, you should not try to access any
information about the case or do research on any issue that
arose during the trial from any outside source, including
dictionaries, reference books, or anything on the Internet.
Information that you may find on the Internet or in a printed
reference might be incorrect or incomplete. In our court system,
it is important that you not be influenced by anyone or anything
outside this courtroom. Your sworn duty is to decide this case
solely and wholly on the evidence that was presented to you in
this courtroom.

3.    **Note-Taking**

Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  Do not assume simply because something appears in a juror's notes that it necessarily took place in court.  Instead, it is your collective memory that must control as you deliberate upon the verdict.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.

4.    **Communications with the Court**

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the jury.  No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than a signed writing.  I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.  Do not ever disclose how the jury stands numerically or otherwise on the question of guilt or innocence.

85

5.    **Right to See Evidence**

You will have the exhibits and a list of exhibits received in evidence during the course of the trial in the jury room with you.  If you wish to have any portion of the testimony repeated, you may simply indicate that in a note.  Be as specific as you can be if you make such a request.  Let us know which exhibit or which part of which witness's testimony you want to hear, and please be patient while we locate it.  If you need further instructions on any point of law, you should also indicate that in a note.

6.    **Return of Verdict**

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate in the note what the verdict is.

To report a verdict, it must be unanimous, and you must be prepared to render a verdict for the defendant as to each count of the Superseding Indictment.  To help you, I have prepared a verdict form that may be of assistance to you in your deliberations.  On the verdict sheet are spaces marked "guilty" or "not guilty" for each count.  The form is in no way intended to indicate how you must deliberate or decide the facts of this case.  The foreperson should use a check mark in the appropriate

86

space indicating "guilty" or "not guilty" for each count of the Superseding Indictment with which Mr. Shkreli is charged.  The foreperson should also place his or her initials and the date beside each mark on the verdict form.

7.  **Conclusion**

Finally, I want to remind you of the oath you took when you were sworn as a juror at the beginning of this case. Remember, in your deliberations, that this case is no passing matter for the government or Mr. Shkreli.  The parties and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By so doing, you carry out to the fullest your oaths as jurors:  to well and truly try the issues of this case and a true verdict render.

Before asking you to retire and begin your deliberations, let me first consult with counsel to be certain I have not overlooked any point.