

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Katherine M. Bolger**
(212) 489-8230 tel
(212) 489-8340 fax

katebolger@dwt.com

August 11, 2017

**VIA ECF**
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Place East
Brooklyn, NY 11201

Re:   *United States v. Shkreli, et al.,* **15-cr-00637-KAM**

Dear Judge Matsumoto:

We write on behalf of Bloomberg, L.P., The Associated Press, Reuters, The New York Times Co., Daily News L.P. and NYP Holdings, Inc. (the "Press Organizations") to respectfully request that the Court promptly disclose the names of the jury members in the above-captioned criminal case against Martin Shkreli.  For the express purpose of preserving Mr. Shkreli's Sixth Amendment right to a fair trial, the Court issued an order dated June 25, 2017 (the "Order"), ECF No. 259, mandating that "the list of jurors will not be released until the end of trial."  Order at 3.  Now that the jury has fulfilled its function and rendered a verdict against Mr. Shkreli, the First Amendment's strong presumption of open justice requires the Court to make available the names of the individuals who sat on the jury.

As the Order correctly states, "the United States Supreme Court made clear that '[t]he presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'"  *Id*. at 5 (quoting *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984)).  Applying this exacting standard, this Court identified "Mr. Shkreli's right to a fair trial" as the "overriding interest in this case" sufficient to overcome the strong First Amendment presumption.  Order at 8.  Specifically, the Court identified "[f]our related factors" that sufficed to justify the limitations placed on the openness of *voir dire* and the trial itself; (a) the "tremendous amount of negative publicity and notoriety" swirling around Mr. Shkreli, *id*. at 9-10; (b) the need for "vigorous *voir dire* demanding utmost juror candor," *id*. at 10-11; (c) the need to probe *voir dire* issues "concerning polarizing topics, such as race, gender, politics, and class," *id*. at 11-12; and (d) concern that "disclosure of juror names would increase the risk that jurors would not be candid" during *voir dire*, *id*. at 12-13.  To preserve Mr. Shkreli's rights, the

4844-2933-2044v.1 -

Anchorage   New York   Seattle
Bellevue    Portland   Shanghai
Los Angeles San Francisco Washington, D.C.

www.dwt.com

Hon. Kiyo A. Matsumoto
August 11, 2017
Page 2

Court thus imposed "narrowly tailored" restrictions on the press, including the restriction that "names of the venire panel will not be used or released by the court *until the conclusion of trial*." *Id*. at 9, 13 (emphasis added). As the Order seems to anticipate, the justification for the limited exception to openness has disappeared now that the jury has delivered its verdict and the trial of Mr. Shkreli has come to an end. Simply put, in the absence of an "overriding interest" that overcomes the constitutional privilege, there is no longer any basis for withholding the names of jurors. *See, e.g.*, *ABC, Inc. v. Stewart*, 360 F.3d 90, 98 (2d Cir. 2004).

While it appears that neither the Second Circuit nor this Court have directly considered the First Amendment right of access to juror names, other courts have squarely held that the First Amendment guarantees the right of the public to gather information and access the names of jurors adjudicating criminal trials. Following the Second Circuit's lead in *Stewart*, the Third Circuit held that the press has a "presumptive *First Amendment* right of access to obtain the names of both trial jurors and prospective jurors" because:

> [k]nowledge of juror identities allows the public to verify the impartiality of key participants in the administration of justice, and thereby ensures fairness, the appearance of fairness and public confidence in th[e] system…. Furthermore, information about jurors, obtained from the jurors themselves or otherwise, serves to educate the public regarding the judicial system and can be important to public debate about its strengths, flaws and means to improve it.

*United States v. Wecht*, 537 F.3d 222, 235, 238 (3d Cir. 2008) (quoting *In re Globe Newspaper Co.*, 920 F.2d 88, 94 (1st Cir. 1990)); *see also In re Globe.*, 920 F.2d at 91 ("In a democracy, criminal trials should not, as a rule, be decided by anonymous persons."); *United States v. Doherty*, 675 F. Supp. 719, 723 (D. Mass. 1987) ("This Court thus concludes that, under the First Amendment, the public has a general right, at some reasonable time after a verdict is delivered, to the names and addresses of the jurors discharging this important public trust.").

In addition, although the Order did not consider whether concern for juror privacy constituted an "overriding interest" sufficient to overcome the strong presumption of openness, the preference of individual jurors to remain anonymous cannot justify withholding the names of the jurors from the media. As the Supreme Court has held, individual jurors must make an "affirmative request" for privacy so that "the trial judge can ensure that there is in fact a valid basis for a belief that disclosure infringes a significant interest in privacy." *Press-Enterprise*, 464 U.S. at 512; *see also Stewart*, 360 F.3d at 105 n.5. Assuming *arguendo* that individual jurors have asked the Court not to reveal their names to the press, a generalized desire for anonymity will not suffice in the absence of an extraordinary risk to jurors – such as a specific threat of violent retribution – which is not present here. *See, e.g.*, *In re Globe*, 920 F.2d at 98 ("We cannot accept the mere generalized privacy concern of jurors, no matter how sincerely felt,

Hon. Kiyo A. Matsumoto
August 11, 2017
Page 3

as a sufficient reason for withholding their identities ...."); *Wecht*, 537 F.3d at 240 (holding that press was entitled to juror names because the "District Court has not established that there is anything unusual about this case, aside from a locally prominent defendant, that makes the prospective jurors' hypothetical privacy concerns more compelling than usual"); *Doherty*, 675 F. Supp. at 721 (disclosing names and addresses of jurors even though "the jurors expressed their unanimous desire not to have their names and home addresses disclosed to the press").

In sum, since the presumption of open justice weighs heavily in favor of disclosure and since there is no countervailing interest sufficient to overcome the strong presumption of openness, the Press Organizations respectfully requests that the Court disclose the names of the jury members who delivered the verdict against Mr. Shkreli in the above-captioned case.

Respectfully submitted,

Davis Wright Tremaine LLP


/s/ Katherine M. Bolger

Katherine M. Bolger


cc:   All Attorneys of Record (via ECF)
      Randy L. Shapiro, Esq., Bloomberg L.P. (by email)
      Matthew A. Leish, Esq., Daily News L.P. (by email)
      Katharine Larsen, Esq., Reuters (by email)
      Brian Barrett, Esq., The Associated Press (by email)
      David E. McCraw, The New York Times Co. (by email)
      Eugenie C. Gavenchak, NYP Holdings, Inc. (by email)